■   In the Matter of the Arbitration between GERALD BRELAND, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In a proceeding to compel arbitration of a claim against respondent MVAIC, said respondent appeals from an order of the Supreme Court, Queens County, entered June 11, 1964, which (1) denied its motion to confirm a Referee's report; (2) deemed its motion to stay arbitration abandoned; and (3) directed that petitioner's claim proceed to arbitration. Order reversed, without costs, and proceeding remited to Special Term for the purpose of confirming, rejecting or modifying the Referee's report on the merits. The order appealed from denied respondent's motion to confirm the report of a Referee to hear and report solely on the ground of respondent's delay for nine months after the date of filing of the report in so moving. CPLR 4403 was specifically enacted, in part, to overrule the holding in *Rosenfield* v. *Rosenfield* (272 App. Div. 547) that the court must await a formal motion before confirming or rejecting a Referee's report, and to reaffirm the court's power to act on its own initiative (Second Preliminary Report of the Advisory Committee on Practice and Procedure [Feb. 15, 1958]; N. Y. Legis. Doc., 1958, No. 13, p. 309). The intent of the Legislature in enacting the provision limiting the parties to 15 days in which to move to confirm or reject the Referee's report was to create a period in which the parties may move before the court acts of its own volition so that they might have the opportunity "of pointing out in what respects, if any, the Referee's report or his conduct of the proceedings is erroneous" (*Rosenfield* v. *Rosenfield, supra*, p. 549). If the parties do not so move within the 15 days, the court is then free to act on its own initiative. Having ordered a reference, there is no reason for the referring court to disregard the report by neither accepting nor rejecting it on its own merits. In our opinion, CPLR 4403 mandates the referring court to confirm or reject, in whole or in part, the Referee's report on its own initiative if the parties have not so moved within the 15-day period, and there is no time limitation in which the court may so act. It should be noted that, while the petitioner had the right to move to reject the report, respondent had an equal right to move to confirm under CPLR 4403. Under the circumstances, neither party may charge the other with delay. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.