Shirley Wohl Kram, J.
This is a proceeding which was *984 commenced on January 17, 1975, pursuant to section 392 of the Social Services Law, for the review of the foster care status of the above-named child. At that hearing, respondent Jerold K. (the natural father) indicated that he could not afford an attorney and the court assigned counsel for him pursuant to section 722 of the County Law. Respondents, the natural mother of Janice and the child’s maternal grandparents, now bring on this motion for the said assignment of counsel for Jerold K. to be vacated on the following grounds: (1) that there is no provision of law for the assignment of counsel, at public expense, in a proceeding under section 392 of the Social Services Law; and (2) that respondent Jerold K. is not indigent.
In the New York Court of Appeals case, Matter of Ella B. (30 NY2d 352, 356) dealing with assignment of counsel to indigent respondents, Chief Judge Fuld stated as follows: "A parent’s concern for the liberty of the child, as well as for his care and control, involves too fundamental an interest and right [citing cases], to be relinquished to the State without the opportunity for a hearing, with assigned counsel if the parent lacks the means to retain a lawyer.” The court further stated, citing the case of Cleaver v Wilcox (40 US Law Week 2658, 2659), that: "The parent’s interest in the liberty of the child, in his care and in his control, has long been recognized as a fundamental interest. * * * Such an interest may not be curtailed by the state without a meaningful opportunity to be heard, which in these circumstances includes the assistance of counsel.”
At the conclusion of a hearing brought pursuant to section 392 of the Social Services Law, the court has the discretion to enter an order directing that foster care of the child be continued. Furthermore, that court may enter an order directing the agency, in whose custody the child has been committed, to institute proceedings to legally free such child for adoption. It is the opinion of this court that such discretion in the court may curtail a parent’s interest in the liberty of such child. In addition, if the natural father in the present case were to seek custody of the child in another forum, any testimony in a prior section 392 proceeding could be used against him. Therefore, based on the principles enunciated in Matter of Ella B. (supra) this court holds that the assignment of a panel attorney should be provided an indigent parent in a 392 proceeding.
*985 The court also takes notice of the fact that there is presently a bill on the Governor’s desk passed by both the New York State Senate and Assembly which would authorize assignment of counsel for indigent parties in section 392 proceedings. If signed, the issue heretofore discussed would become moot.
Having determined that assignment of counsel is required under a 392 proceeding, the next issue before this court is whether the court may vacate such assignment upon a motion of the opposing party for reasons of nonindigency.
Section 722-d of the County Law provides that assignment of a panel attorney could be terminated for reasons of nonindigency at the instance of counsel only. That section reads: "Whenever it appears that the defendant is financially able to obtain counsel or to make partial payment for the representation or other services, counsel may report this fact to the court and the court may terminate the assignment of counsel or authorize payment, as the interests of justice may dictate, to the public defender, private legal aid bureau or society, private attorney, or otherwise.” In the case of Matter of Legal Aid Soc. of Nassau County, N. Y. v Samenga (39 AD2d 912, 913) the court held that the report of counsel requirement in section 722-d is a predicate to any action on the part of the court to relieve counsel of the assignment. The court further stated that: "If, in fact, the Legal Aid Society presumed to represent nonindigent defendants, then the matter should be taken up by the municipality which, by contract with the Society, makes funds available for its work. It should not be a matter for the courts in the first instance.”
As a result of the above-cited case, this court is restrained from vacating the assignment of counsel for respondent natural father. This is indeed unfortunate, since the court believes that his testimony before this court on the return date of the motion, as to his financial circumstances lacked credibility and was less than candid. The testimony did not substantiate a right to counsel for reasons of indigency. However, the motion by the natural mother and the maternal grandparents for the vacation of assignment of counsel for the natural father is hereby denied, inasmuch as they lack the standing to bring such motion.
It is the hope of this court that the Appellate Division department which is responsible for administering the 18B Panel for Indigent Defendants will set definable and realistic *986 standards for the guidance of the court in their assignment of counsel. Attorneys who are part of the panel will hopefully recognize their responsibility and not continue to represent ineligible respondents. Since funds for such purposes are not unlimited, an indiscriminate assignment of counsel can cause much hardship for those who truly require this assistance.
Furthermore, parties who request such assignment should be examined closely as to their financial circumstances, rather than the pro forma manner in which such inquiry is presently made.