■ BETSY L. BLISS, on Behalf of CHRISTIAN A. B. ACH, Respondent-Appellant, v ROGER W. ACH, II, Appellant-Respondent. BETSY L. BLISS, on Behalf of CHRISTIAN A. B. ACH, Respondent, v ROGER W. ACH, II, Appellant. — Judgment of the Supreme Court, New York County (Wallach, J.) entered August 26, 1981, awarding primary custody to petitioner with joint custody to the respondent and fixing visitation rights and providing for other related relief modified, on the law, the facts and in the exercise of discretion, to the extent only of striking the provision granting joint custody to respondent, and otherwise affirmed, without costs. Appeal from order of the Supreme Court, New York County (Wallach, J.) entered November 5, 1981, denying respondent's motion for a new trial on the basis of newly discovered evidence is dismissed, without costs, as subsumed in Appeal No. 12603. Order of the Supreme Court, New York County (Wallach, J.) entered November 23, 1981, denying respondent's motion for a new trial on the basis of newly discovered evidence affirmed, without costs. We are in substantial agreement with the holding of the trial court on the issue of custody. Our sole point of departure concerns the issue of "joint" custody. Normally such a provision is cosmetic only and is employed to salve the feelings of the defeated parent. The parent to whom "basic" custody is granted becomes for all practical purposes, the parent who has custody and makes the decisions affecting the child. In this case, however, the requirements for constant consultation on matters necessarily entailed in the concept of joint custody will exacerbate the sharp differences evidenced between these unmarried parents. It will merely be the seed for unending future litigation, with resultant damage to the child. While leaving the visitation provisions intact, we deem it wiser to grant custody to a single parent, the mother. Concur — Sullivan, J. P., Ross, Lupiano and Bloom, JJ.