■ In the Matter of STANLEY HILL et al., Respondents, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Appellants.—Appeal from a judgment, Supreme Court, New York County (Ira Gammerman, J.), entered September 13, 1989, which determined that the urine tests administered by respondents were not conducted within constitutional guidelines and granted the petition of petitioners to the extent of ordering the destruction of urine samples and unreported drug tests, reinstating employees terminated as a

result of positive drug tests and reinstating those employees who resigned instead of submitting to the drug testing, unanimously dismissed as moot, without costs.

The individual petitioners, provisional Police Communications Technicians (PCTs) who were seeking appointment in place as competitive class PCTs, instituted this special proceeding for an order enjoining respondents from directing them to submit to mandatory urine testing for drugs absent reasonable suspicion of drug use. The individual petitioners are civilian employees of the Police Department who handle 911 calls as operators and dispatchers.

One of the petitioners has held the position of provisional PCT for eight years while most of the others have served the Police Department for at least one year. All of the petitioners passed an examination for appointment in place as competitive PCTs. None was subjected to urine testing upon their appointments to the Police Department nor were they subjected to periodic examinations. Since 1984, petitioners and other civilian employees have only been subjected to such testing upon reasonable suspicion of drug use.

The notice of examination for Police Communications Technician informed applicants that they would have to take a qualifying medical test but did not indicate that candidates would have to submit to urine testing for drugs. After the individual petitioners passed the examination administered on October 1, 1988 and were placed on the eligibility list for competitive appointment to the title of Police Communications Technician, they learned, in March of 1989, that the city proposed to order provisional PCTs then serving in title to submit to urine testing for drugs in order to be appointed competitively to title. The testing administered by respondents involved the observation of employees during urine collection by supervisory personnel. Employees who refused to submit to such testing were terminated from employment.

While the Supreme Court agreed with respondents that drug testing of 911 operators was constitutionally permissible, it found that the urine tests at issue were not administered within constitutional guidelines because of the insufficient notice provided and because of the unnecessarily intrusive procedures employed. The court therefore ordered the destruction of all collected samples and unreported tests, the reinstatement with back pay of employees who had been terminated as a result of positive tests and the reinstatement of all employees who resigned rather than submit to testing.

On appeal, respondents do not challenge the relief ordered by the Supreme Court nor do they contest the findings that insufficient notice was provided petitioners of the drug testing and that the employees were entitled to have positive urine samples retested at a laboratory of their choice. Respondents only seek review of that portion of the judgment which found the observed testing of the PCTs constitutionally objectionable.

Since the PCT petitioners have already completed the drug testing and since the city has, pursuant to a stipulation entered June 22, 1990, suspended its policy of random urine testing for drugs, the decision of this court will not affect petitioners' rights. Accordingly, the appeal is moot *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707). While there is a likelihood of repetition, the resolution of the issue must await an appropriate factual setting. In the area of drug testing, "the identification and weighing of all the unique and particular facts of each case governs" *(Matter of Seelig v Koehler,* 76 NY2d 87, 92, *cert denied* — US —, 111 S Ct 134). Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Kassal, JJ.