■ In the Matter of F. Thomas Snoddy, Appellant, v Holly A. Snoddy, Respondent.—Mikoll, J. P. Appeals from an order

and supplemental order of the Family Court of Broome County (Mathews, J.), entered April 15, 1991 and September 17, 1991, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

Petitioner and respondent have been married since 1978 and have three children: Stacy, Kyle and Timothy, who were approximately 12, 11 and 7 years old, respectively, at the time of this proceeding. The parties are in the process of securing a divorce. This appeal involves the grant of sole custody of the children to respondent.

Petitioner contends that such an award is not supported by the evidence and is contradicted by the best interest of the children. The record discloses that the parties are undergoing an acrimonious dissolution of their marriage. Though joint custody of the children was temporarily awarded to both parties, it is obvious that the present hostile situation does not lend itself to such disposition. Though the previous arrangement is to be accorded priority, it is but one of many components to be considered in any subsequent custody application *(see, Johns v Johns,* 156 AD2d 777).

The trial court, in resolving a custody issue, is to be guided by the children's best interest, which may encompass such factors as the stability and fitness of the parents, their home environment, financial situation, past performance and ability to promote the children's development *(see, e.g., Matter of Rozelle v Rozelle,* 184 AD2d 973). Family Court's decision must be supported by a sound and substantial basis in the record *(Matter of Gitchell v Gitchell,* 165 AD2d 890, 894) and is to be accorded great deference, especially regarding the evaluation of testimony, character and sincerity of all the parties involved *(see, Eschbach v Eschbach,* 56 NY2d 167, 173). In resolving the custody issue in this case, Family Court found both parents to be loving and capable but concluded that the best interest of the children would be served by an award of sole custody to respondent. In our view, Family Court properly decided, based upon all the circumstances, to award custody of the children to respondent *(see, Matter of Taber v Herlihy,* 174 AD2d 777, 779).

Petitioner raises several other issues regarding effective assistance of counsel and inappropriateness of the recommendation of the Law Guardian vis-a-vis custody. We find no merit in those contentions and decline to discuss them further.

Regarding Family Court's supplemental order as to visitation, petitioner's contention that a contradiction exists between Family Court's decision and order and the supplemental order is meritorious. We note that the decision and order provides that petitioner is entitled to Tuesday and Thursday visitation when school is not in session and the supplemental order omits this provision. The supplemental order must be modified to conform to the weekday visitation schedule "when school is not in session" as provided for in the decision and order of Family Court, that is, that petitioner is entitled to Tuesday and Thursday visitation. Also, we note that the supplemental order improperly allows respondent to suspend petitioner's right of weekday visitation on four Thursdays in a calendar year. There being no articulation of Family Court's reasoning for doing so in its decision and order, this clause should be deleted from the supplemental order.

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs. Ordered that the supplemental order is modified, on the law, without costs, by including petitioner's right to visitation on Tuesdays and Thursdays when school is not in session and by deleting respondent's right to suspend petitioner's Thursday visitation four times per calendar year, and, as so modified, affirmed.