■ In the Matter of SHERWOOD MEDICAL COMPANY, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [615 NYS2d 140] —Mercure, J. Appeal from a judgment of the Supreme Court (Peters, J.), entered May 6, 1993 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Environmental Conservation imposing a civil penalty for violating certain State regulations governing air emissions.

Petitioner operated a facility in the Village of Sherburne, Chenango County, where it sterilized medical equipment and supplies by exposing them to ethylene oxide (hereinafter EtO) gas in a sealed chamber. Each sterilizing cycle took from 16 to 22 hours, of which approximately 3½ hours was devoted to venting the EtO gas through a series of air washes. In the early 1980s, petitioner's predecessor in interest designed and installed absorber and reactor systems, known by the trade name DEOXX, to remove 99% of the EtO from the exhaust streams, dissolve it in water and treat and ultimately dispose of the liquid waste product in the municipal sewer system. In 1987, petitioner discovered that the waste water discharges did not meet existing standards of the local sewer plant, and it undertook to construct a new neutralization system to treat the DEOXX waste water. During the 10-month construction period, petitioner operated sterilizer No. 5 without the DEOXX in place and illegally vented the EtO directly into the atmosphere. Specifically, on 175 of the 311 days between July 1, 1987 and May 6, 1988, petitioner performed a total of 198 sterilization cycles without providing the required air cleaning.

Ultimately, respondent Department of Environmental Conservation brought administrative charges against petitioner and, following a hearing, petitioner was found guilty of violating 6 NYCRR 212.2 and 212.9 (b) on 198 "separate and distinct occasions". Pursuant to ECL 71-2103 (former [1]), a $750,000 civil penalty was imposed. In the ensuing CPLR article 78 proceeding, petitioner challenged only the penalty, contending that the express language of ECL 71-2103 (former [1]) permitted no more than a $10,000 penalty for the first day of the violation and an additional $500 penalty for each subsequent day of violation. Thus computed, the maximum possible fine was $97,000. Supreme Court dismissed the peti-

tion, crediting respondent's interpretation of ECL 71-2103 (former [1]) as permitting it to treat each day of violation as a separate violation and imposing a $10,000 penalty for each. Petitioner now appeals.

We reverse. ECL 71-2103 (former [1]) provided in pertinent part: "Any person who violates any provision of article nineteen or any code, rule or regulation which was promulgated pursuant thereto * * * shall be liable for a penalty not less than [$250] nor more than [$10,000] for said violation and an additional penalty of not to exceed [$500] for each day during which such violation continues." In this case, it is clear that petitioner committed but one violation, causing the discharge of EtO without emission reductions of 99% or greater or use of the best available control technology, as required by 6 NYCRR 212.2 and 212.9 (b). It is equally clear that this violation, with only one cause, operation of sterilizer No. 5 without the DEOXX system, and one remedy, return of the DEOXX system to service, continued from July 1, 1987 to May 6, 1988 without any intervening compliance. Under the express language of the statute, petitioner may be fined no more than $10,000 for this solitary violation and $500 for each day it continued beyond the first.

In our view, the interpretation of respondent Commissioner of Environmental Conservation is not only contrary to the obvious statutory scheme but, to the extent that it would reward those who never suspend the violating operation, illogical. Had the Legislature intended to treat each day of a continuing violation as a separate violation punishable by a penalty of up to $10,000, it could well have done just that, as it has on many occasions. For instance, ECL 71-2105 (1) provides for imposition of a fine ranging from $250 to $10,000 for each violation and then expressly states that "[e]ach day on which such violation occurs shall constitute a separate violation". In fact, in a single legislative enactment, chapter 942 of the Laws of 1984, the Legislature added a new ECL 71-2113, providing for a civil penalty for a violation of ECL 19-0304 "and an additional penalty [within the same range] for each day during which such violation continues" (L 1984, ch 942, § 3), and made amendments to ECL 71-2103 (1), the statute at issue here, but left its two-tiered penalty provision untouched (L 1984, ch 942, § 4). Perhaps most telling, the Legislature amended ECL 71-2103 (1) in 1993 so as to permit a $10,000 penalty for each violation and an additional penalty of $10,000 for each day during which the violation continues

(L 1993, ch 608, § 14), precisely the single-tiered penalty scheme that the Commissioner argues was already in effect.

As a final matter, we are not at all persuaded that the concept of a continuing emission is beyond the intellectual capacity of Judges and requires the special expertise of the Commissioner. To the contrary, we are dealing with a question of pure statutory construction, the special bailiwick of Judges, and need not defer to the Commissioner's interpretation *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *see also, Matter of Rosen v Public Empl. Relations Bd.,* 72 NY2d 42, 47-48; *Matter of Judd v Constantine,* 153 AD2d 270).

White, Casey and Yesawich Jr., JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent. In my view, the finding that petitioner's release of 198 ethylene oxide (hereinafter EtO) emissions into the atmosphere constituted separate violations rather than a continuous violation of ECL 71-2103 (former [1]) was rational. "[Respondent Department of Environmental Conservation], as a State agency, has broad powers to construe the statutes and regulations it administers and should be upheld unless such construction is unreasonable or irrational" *(New York Pub. Interest Research Group v Williams,* 127 AD2d 512, 513; *see, Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Duflo Spray-Chem. v Jorling,* 153 AD2d 244, 247). The rule, however, "has no application unless the statute being construed lies within the realm of the agency's expertise" *(Matter of Thomas v Bethlehem Steel Corp.,* 95 AD2d 118, 122, *affd* 63 NY2d 150). As ECL 71-2103 (former [1]) involved the violation of environmental regulations that require some special knowledge of the way in which air emissions occur, deference to respondents' construction of it is warranted.

In construing words in a statute, such as "continuous" (ECL 71-2103 [former (1)]), which have not previously been judicially or administratively construed and which are not defined in the statute or regulation, resort may be had to the dictionary to determine the sense in which the word is employed *(see, Matter of Cortland-Clinton, Inc. v New York State Dept. of Health,* 59 AD2d 228, 231). The dictionary defines "continuous" as "characterized by uninterrupted extension in space: stretching on without break or interruption" (Webster's Third New International Dictionary 493-494 [unabridged 1981]). The evidence supports the finding of respondent Commissioner of Environmental Conservation that EtO emissions were not continuous but were separate and interrupted, and such con-

clusion is rational. Each sterilization process involved a separate EtO emission into the atmosphere.

Petitioner has not met its burden of demonstrating that the Commissioner's construction of ECL 71-2103 (former [1]) was irrational. The Commissioner could rationally have determined that the absence of the language found in other sections of the statute from ECL 71-2103 (former [1]), rather than mandating that consecutive violations be deemed statutorily continuous, endows the Commissioner with the discretion to determine which violations are continuous and which are separate.

Moreover, even without relying on the doctrine of deference to the Commissioner's construction, respondents' construction of the term continuous was proper under the ordinary rules of statutory construction. Consequently, I would affirm Supreme Court's judgment.

Ordered that the judgment is reversed, on the law, with costs, petition granted and determination modified by reducing the penalty imposed to $97,000. [See, 158 Misc 2d 281.]