■ In the Matter of MICHAEL P. McDERMOTT, Respondent, v CARIN F. BEROLZHEIMER, Appellant. [620 NYS2d 151] —Mercure, J. Appeals (1) from an order of the Family Court of Albany County (Maney, J.), entered June 29, 1993, which denied respondent's motion to dismiss the petition, and (2) from that part of a judgment of said court, entered June 29, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for joint custody of the parties' minor child.

Initially, we reject the contention that Family Court was compelled to grant respondent's motion to dismiss the custody petition because of petitioner's failure to submit a proposed order within 30 days following Family Court's decision awarding joint custody. Although 22 NYCRR 205.14 (a) requires that proposed orders be submitted to Family Court for signature within 30 days after the signing and filing of a decision, there are no stated consequences for a party's failure to comply with the regulatory mandate. In sharp contrast, the rules applicable to practice in Supreme and County Courts and a number of other trial courts provide that a "[f]ailure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (22 NYCRR 202.48 [b]; see, 22 NYCRR 206.9 [e] [Court of Claims]; 207.37 [b] [Surrogate's Court]; 210.33 [b] [City Courts outside New York City]; 212.33 [b] [District Courts]). Applying the rule of construction that language not present in a statutory or regulatory provision was intentionally omitted, particularly in

a case where the same or similar language was included in other comparable provisions *(see, Matter of Sherwood Med. Co. v New York State Dept. of Envtl. Conservation,* 206 AD2d 819; McKinney's Cons Laws of NY, Book 1, Statutes § 74), we conclude that Family Court had discretion to sign the order when submitted by petitioner, even in the absence of a showing of good cause.

Turning now to the merits, we first reject the contention that a court is precluded from ordering joint custody in a case where the parents are unmarried and have never lived together with the child in a "familial situation". Respondent offers no competent legal support for this extreme position, which runs counter to the premise of *Friederwitzer v Friederwitzer* (55 NY2d 89, 93) that "[t]he only absolute in the law governing custody of children is that there are no absolutes". In fact, none of the cases relied upon by respondent even focus on the lack of a marital relationship between the parties; rather, joint custody was denied because of the parties' "sharp differences" *(Bliss v Ach,* 86 AD2d 575, *affd* 56 NY2d 995), the "inability of [the parties] to communicate and deal with one another as amicable parents" *(Matter of Forjone v Platner,* 191 AD2d 1033, 1034), the fact that the "parties are severely antagonistic toward each other" and "have different views as to the religion and the rearing of the child" *(Matter of Broome County Dept. of Social Servs. [Ostapchuck] v Dennis,* 97 AD2d 908, 908-909), and the custodial parent's lack of "voluntary consent" to joint custody and "disagreements [between the parties] over the child's upbringing with regard to religion and education" *(Voelker v Keptner,* 156 AD2d 1014, 1014-1015). Furthermore, contrary to respondent's argument, Family Court did not apply a "presumption" in favor of a grant of joint custody.

Giving due deference to Family Court's findings, particularly those regarding the evaluation of the testimony, character and sincerity of the parties *(see, Eschbach v Eschbach,* 56 NY2d 167, 173; *Matter of Snoddy v Snoddy,* 187 AD2d 884), we perceive no compelling reason to set aside Family Court's grant of joint custody. To the contrary, because there is evidence in the record that a joint custody arrangement is viable *(cf., Braiman v Braiman,* 44 NY2d 584, 589-590; *Matter of Bornholdt v Alfieri,* 201 AD2d 560), we conclude that the award is warranted. We have considered and rejected respondent's additional assertions of error.

Cardona, P. J., White and Peters, JJ., concur. Ordered that the order and judgment are affirmed, without costs.