■ In the Matter of NILDA S., Appellant, v DAWN K., Respondent, and COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [754 NYS2d 281] —Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about March 4, 2002, which denied the petition brought pursuant to article 6 of the Family Court Act for custody of the subject child and directed that the child be released to the care and custody of her mother, respondent Dawn K., unanimously affirmed, without costs.

We have previously addressed the Law Guardian's appellate contentions with respect to the appealed order (297 AD2d 236) and now address those of petitioner Nilda S.

Petitioner's claim that counsel should have been appointed

for her in the proceeding initiated by her to obtain permanent custody of the subject child from the child's mother, respondent Dawn K., is without merit. The court's denial of petitioner's request for appointed counsel constituted a proper exercise of discretion pursuant to Family Court Act § 262 (b), and, in any event, petitioner failed to fully and timely make the disclosure necessary to support her claim of indigency.

Petitioner's argument that the court erred when it referred this matter to a referee in the absence of exceptional circumstances (*see* CPLR 4212) is waived, since the record establishes that petitioner participated in the proceeding before the referee without objection (*see Matter of Wolf v Assessors of Town of Hanover*, 308 NY 416, 420; *Matter of Scinta v Scinta*, 129 AD2d 262, 265).

Also waived is petitioner's argument that the referee erred in failing to have the child's in camera testimony transcribed, since petitioner agreed, along with the other parties, that the court should not have the testimony recorded.

Contrary to petitioner's argument, the therapists' reports, Administration for Children's Services' reports, and colloquy of the family therapist were properly received in evidence at the joint hearing on her petition for custody and the contemporaneously pending neglect petition against respondent Dawn K. The evidence, although hearsay, was admissible at the dispositional hearing following Dawn K.'s admission of neglect (*see* Family Ct Act § 1046 [a]), and, under the same hearsay exception, in the custody proceeding, since the issues involved in the two proceedings were inextricably interwoven (*see Matter of Le Favour v Koch*, 124 AD2d 903, *lv denied* 69 NY2d 605).

Petitioner's argument that she was deprived of a fair trial by reason of the court's refusal to hear the testimony of a potential witness is unpreserved. Were we to review the argument, however, we would find the challenged refusal justified in light of petitioner's failure to demonstrate that the proposed testimony would be relevant.

Petitioner's request for a new hearing before a different Family Court judge in light of "recent events" is not properly before us at this time. Concur—Tom, J.P., Sullivan, Ellerin, Marlow and Gonzalez, JJ.