■ In the Matter of TONYA ANDERSON, Respondent, v HAL H. HARRIS, Appellant. [900 NYS2d 269]—

Orders, Family Court, Bronx County (Marian R. Shelton, J.), entered on or about December 31, 2007, which, to the extent appealed from as limited by the briefs, awarded petitioner mother sole physical and legal custody of the parties' child, dismissed respondent father's petitions based on violations of temporary orders of visitation, denied respondent's second motion to dismiss the custody petition, and issued a five-year order of protection forbidding respondent from exercising any corporal punishment against the child, unanimously affirmed, without costs.

The court's direction that respondent take the Minnesota Multiphasic Personality Inventory (MMPI) diagnostic test is no longer an issue since he has already taken the test (see Matter of Hill v Ward, 169 AD2d 620, 622 [1991]). There is no basis for striking the forensic psychologist's testimony. Although the forensic psychologist's report is not in the record on appeal, the child's attorney has submitted a copy of the report to this Court. Because respondent never contended that he lacked a sufficient opportunity to read the report, he cannot complain that his appeal has been impaired by the Family Court Clerk's failure to produce the report. Respondent improperly argues for the first time in his reply brief that the IAS court improperly admitted

the report into evidence, and we decline to consider the argument. Although the court improperly heard a small portion of the psychologist's testimony outside the presence of the parties, the error was harmless because the rest of the psychologist's testimony and report, as well as the record generally, supported the conclusion that the best interests of the child warranted awarding custody to petitioner.

With regard to deprivation of respondent's visitation rights, he had ample opportunity to present evidence of petitioner's violations during the custody trial, but failed to do so. Moreover, the record indicates that petitioner supported the child's regular and frequent visits with her father.

Denial of respondent's request for a subpoena was a proper exercise of discretion. There is no indication in the record that petitioner was using illegal drugs or had used them in the recent past (*Garvin v Garvin*, 162 AD2d 497, 499 [1990]), or that she had any medical or psychological condition that might negatively impact on her care for the child (*see Matter of Penny B. v Gary S.*, 61 AD3d 589, 591 [2009], *lv denied* 13 NY3d 705 [2009]).

Given respondent's testimony that he believed in physically disciplining the child and had once used a belt to do so, the court properly issued a five-year order of protection directing him to refrain from such acts (*Matter of Larry v O'Neill*, 307 AD2d 410, 411-412 [2003]). Contrary to respondent's contention, an order of protection under Family Court Act § 656 "need not be justified by aggravating circumstances in order to exceed a year in duration" (*Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005]; *compare* Family Ct Act § 842). Because the order of protection was issued only on behalf of the child, petitioner was not required to allege an assault (*see* Family Ct Act § 821 [1] [a]), nor was the court required to issue a summons pursuant to Family Court Act § 821-a (2) (a) or § 825, or a warrant (Family Ct Act § 827), since those provisions of the Family Court Act apply only to family offense proceedings, not custody proceedings.

With respect to respondent's motion for poor person relief, the court had reason to doubt his claim of indigence, given his failure to submit financial documentation until almost 2½ years after he first requested assigned counsel, and even then in an unsigned and undated financial affidavit, especially in light of the fact that he had previously retained several attorneys during the custody proceeding (*see Shapiro v Rosa*, 224 AD2d 181 [1996]). Contrary to respondent's contention, the court's authorization to pay his portion of the forensic evaluation at govern-

ment expense was not tantamount to a finding that he was indigent for all purposes, since that relief was granted not because of his poverty, but because of the court's desire for a thorough and balanced forensic evaluation. Furthermore, the Support Magistrate never made a finding of indigence. To the extent respondent seeks to challenge the court's decision to assign counsel to petitioner, he does not have standing to lodge such a challenge (*Matter of Janice K.*, 82 Misc 2d 983, 985 [1975]).

The court's denial of recusal was a proper exercise of discretion. Absent statutory grounds, the movant for such relief must point to an actual ruling that demonstrates bias, which respondent failed to do (*Yannitelli v Yannitelli & Sons Constr. Corp.*, 247 AD2d 271 [1998], *lv denied* 92 NY2d 875 [1998]).

Respondent's motions to dismiss the custody petitions for failure to comply with the procedural time limitations in Uniform Rules for Trial Courts (22 NYCRR) § 205.14 and CPLR 2219 (a) were properly denied. Given his many attempts to prolong the proceedings by changing counsel and repeatedly requesting counsel without providing financial documentation, arriving late and unprepared in court, repeatedly requesting adjournments, and failing to cooperate with the forensic evaluation process, it is disingenuous for him to complain about the court's failure to complete the trial and decide his first dismissal motion in a timely fashion. Moreover, neither of those authorities provides a remedy or penalty for failing to comply with time requirements (*see Matter of McDermott v Berolzheimer*, 210 AD2d 559 [1994]).

The Family Court Clerk properly refused to produce a transcript of the child's in camera testimony for respondent's review. Such testimony is confidential, and respondent failed to give a sound reason for its disclosure (*Matter of Sellen v Wright*, 229 AD2d 680, 681-682 [1996]).

There is no basis for striking the appellate briefs for petitioner and the child. Respondent's argument that his due process rights continue to be violated by the Family Court is improperly raised for the first time in his reply brief, and we decline to consider it. Concur—Mazzarelli, J.P., Sweeny, Freedman, Richter and Manzanet-Daniels, JJ.