■ In the Matter of GENERAL ELECTRIC CAPITAL CORPORATION, by ALFRED W. POPKESS, as Receiver, Respondent, v LORETTO-UTICA RESIDENTIAL HEALTH CARE FACILITY et al., Appellants. [909 NYS2d 274]—

Appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered May 14, 2009 in a proceeding pursuant to RPAPL article 7. The order and judgment, inter alia, granted the motion of petitioner to confirm the report of the referee and for the entry of money judgments against respondents for rent arrears.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this summary proceeding pursuant to RPAPL article 7 seeking, inter alia, money judgments against respondents for unpaid rent. General Electric Capital Corporation (GECC) previously commenced a mortgage foreclosure action, and petitioner was appointed temporary receiver in that action. In the instant summary proceeding, Supreme Court appointed a Referee and authorized him, pursuant to an order of reference, to determine the amount of unpaid rent owed by respondents. Following a hearing, the Referee determined that respondents owed $11,212,461 in back rent, and the court thereafter entered money judgments totaling that amount against respondents. We reject the contention of respondents that reversal is required because they were denied their right to a jury trial, as requested in their answer. By failing to object to the order of reference and by participating without objection in the hearing conducted by the Referee, respondents waived their right to a jury trial (*see Matter of Union Indem. Ins. Co. of N.Y.*, 67 AD3d 469, 471 [2009], *lv dismissed* 14 NY3d 859 [2010]; *Matter of Nilda S. v Dawn K.*, 302 AD2d 237 [2003], *lv denied* 100 NY2d 512 [2003]). In any event, respondents admitted that they had not paid any rent for

approximately eight years, since December 2000, and we thus conclude that they were not entitled to a jury trial because they failed to raise a triable issue of fact (*see* RPAPL 745 [1]; *Matter of Rodgers v Crumb*, 242 AD2d 874 [1997]).

We reject the further contention of respondents that the court erred in confirming the Referee's report in the absence of a finding that they had breached the leases. The leases unambiguously required respondents to pay rent in an amount equal to the landlord's expenses associated with maintaining the property, including the amount necessary to pay the mortgage. As noted, respondents admitted that they paid no rent for eight years, and the mere fact that the landlord ceased making mortgage payments to the mortgagee did not relieve respondents of their obligation to pay rent under the leases. Thus, the only unresolved issue for the Referee to determine was the precise amount of unpaid rent.

Contrary to the contention of respondents, the court did not abuse its discretion in severing the causes of action for money judgments from the causes of action seeking eviction of respondents and possession of the premises in question. "The decision whether to grant severance 'rests soundly in the discretion of the . . . court and, on appeal, will be affirmed absent a demonstration of abuse of discretion or prejudice to a substantial right' " (*Rapini v New Plan Excel Realty Trust, Inc.*, 8 AD3d 1013, 1014 [2004]). Here, we perceive no abuse of discretion, and respondents have failed to demonstrate prejudice based on the severance, particularly in view of the fact that the court stayed enforcement of the money judgments until "a proper party, entity or operator" of each of the respective facilities is in place and approved by the Department of Health.

We agree with respondents, however, that petitioner should have obtained a new index number for this summary proceeding pursuant to RPAPL article 7 rather than using the index number for the mortgage foreclosure action. Nevertheless, the failure to purchase a new index number does not mandate reversal where, as here, a substantial right of a party is not prejudiced (*see* CPLR 2001; *Matter of Miller v Waters*, 51 AD3d 113, 115-116 [2008]). Finally, we conclude that the court properly awarded judgment to GECC directly inasmuch as GECC is ultimately entitled to the proceeds of the money judgments (*see generally Chase Manhattan Bank v Brown & E. Ridge Partners*, 243 AD2d 81, 84-85 [1998]). Present—Centra, J.P., Peradotto, Lindley and Sconiers, JJ.