Order, Supreme Court, New York County (Steven E. Liebman, Special Referee), entered October 24, 2012, which denied plaintiffs application for a judgment of divorce upon the ground of constructive abandonment, and dismissed the action, unanimously reversed, on the law, without costs, the action reinstated, and the matter remanded to the trial court for an inquest on grounds, pursuant to the parties’ November 6, 2009 stipulation, and for further proceedings as may be necessary.
Flaintiff commenced this divorce action on the ground of constructive abandonment in July 2009. In a so-ordered stipulation entered into at a November 6, 2009 preliminary conference, the parties, each represented by counsel, agreed that defendant would assert a counterclaim for divorce on the ground of constructive abandonment, and plaintiff withdrew her claim. On August 1, 2011, the outstanding financial matters were referred to a special referee to hear and determine. The parties then stipulated that the Referee would also hear and determine the issue of grounds, pursuant to the November 6, 2009 stipulation. However, at the hearing, on February 21, 2012, defendant made an application to withdraw his counterclaim, and, over plaintiffs objection, the Referee granted the application, leaving plaintiff without a cause of action for divorce. The Referee then granted plaintiffs application to reinstate her claim for divorce. Although the Referee stated that he was permitting plaintiff to proceed by inquest, instead he conducted a full trial on grounds, at which defendant was permitted to interpose opposition. The Referee denied the divorce.
The Referee exceeded his authority when he permitted defendant to withdraw his counterclaim for constructive abandonment, and conducted a fully contested trial on plaintiff’s previously-withdrawn claim. The reference by the court, as thereafter expanded by the parties’ stipulation, did not give the Referee authority to set aside any part of the parties’ November 6, 2009 stipulation (CELR 4311; Kucherovsky v Excel Med. & Diagnostic, P.C., 93 AD3d 531 [1st Dept 2012]). By clear and unambiguous terms, defendant waived his right to withdraw his counterclaim (see Tutt v Tutt, 61 AD3d 967 [2d Dept 2009]). Even if the Referee had the authority to set aside the stipula *614 tian, no legal basis whatsoever was set forth justifying setting it aside (see Starayeva v Starayev, 50 AD3d 354 [1st Dept 2008]).
We therefore remand this matter to the trial court to conduct an inquest on defendant’s counterclaim. Should defendant violate the November 6, 2009 stipulation, we leave it to the trial court to fashion an appropriate remedy for defendant’s noncompliance Concur — Gonzalez, EJ., Mazzarelli, Renwick, Feinman and Gische, JJ.
Motion seeking costs denied. Concur — Gonzalez, EJ., Mazzarelli, Renwick, Feinman and Gische, JJ.