Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered February 26, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged that the parties shall have joint custody of the subject child and designated respondent the primary residential custodian.
 

 It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner father commenced this proceeding pursuant to Family Court Act article 6 to obtain custody of and/or visitation with the parties’ minor son. Family Court referred the petition to a Court Attorney Referee to hear and report (see CPLR 4212). The Referee conducted an evidentiary hearing and issued an oral report. Three days later, the Referee issued supplemental written findings. The court, acting on its own initiative, confirmed the Referee’s report that same day. The father now appeals.
 

 Preliminarily, we reject the father’s challenges to the order of reference. The father’s “argument that the court erred when it referred this matter to a referee in the absence of exceptional circumstances (see CPLR 4212) is waived, since the record establishes that [he] participated in the proceeding before the [R]eferee without objection” (Matter of Nilda S. v Dawn K., 302 AD2d 237, 238 [2003], Iv denied 100 NY2d 512 [2003]; see Matter of Wolf v Assessors of Town of Hanover, 308 NY 416, 420 [1955]; Matter of General Elec. Capital Corp. v Loretto-Utica Residential Health Care Facility, 77 AD3d 1468, 1469 [2010], compare Luppino v Mosey, 103 AD3d 1117, 1119-1120 [2013]). Contrary to the father’s further contention, the reference order’s purported noncompliance with 22 NYCRR 202.43 (d) is irrelevant to its validity because, with one exception inapplicable here (see 22 NYCRR 202.16), the provisions of 22 NYCRR part 202 apply only to “civil actions and proceedings in the Supreme Court and the County Court,” not to proceedings in the Family Court (22 NYCRR 202.1 [a]; see Matter of McDermott v Berolzheimer, 210 AD2d 559, 559-560 [1994]).
 

 We nevertheless agree with the father that the court violated CPLR 4403 by confirming the Referee’s report “prior to the expiration of the 15-day period during which the parties were permitted to move to confirm or reject the report in whole or in part” (Sidoti v Degliuomini, 10 AD3d 396, 396 [2004]; see generally Sroka v Sroka, 255 AD2d 897, 898 [1998]; Matter of Breland [Motor Veh. Acc. Indem. Corp.], 24 AD2d 881, 881 [1965]). CPLR 4403 applies to proceedings in Family Court (see Matter of McClarin v Valera, 108 AD3d 719, 719-720 [2013]; see generally Family Ct Act § 165 [a]). We therefore reverse the order and remit the matter to Family Court to afford the parties and the Attorney for the Child an opportunity to file any appropriate motions under CPLR 4403 (see Sidoti, 10 AD3d at 396).
 

 The remaining contentions are academic in light of our determination.
 

 Present — Carni, J.P., Lindley, NeMoyer, Curran and Troutman, JJ.