Matter of Grayson v Lopez (2019 NY Slip Op 09172)





Matter of Grayson v Lopez


2019 NY Slip Op 09172


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.


1158 CAF 18-00540

[*1]IN THE MATTER OF DEANDRE GRAYSON, PETITIONER-APPELLANT,
v
KARINA LOPEZ, RESPONDENT-RESPONDENT. 






WILLIAM D. BRODERICK, JR., ELMA, FOR PETITIONER-APPELLANT. 
DAVID J. PAJAK, ALDEN, FOR RESPONDENT-RESPONDENT. 
JAMIE L. CODJOVI, BUFFALO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered February 21, 2018 in a proceeding pursuant to Family Court Act article 6. The order confirmed the report of the Referee. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father commenced this proceeding pursuant to Family Court Act article 6 seeking to modify a prior custody and visitation order by awarding him visitation with the subject children at the correctional facility in which he is currently incarcerated. Family Court referred the petition to a referee to hear and report (see CPLR 4212). The Referee conducted an evidentiary hearing and issued a written report on January 30, 2018 determining that visitation was not in the children's best interests, but allowing the father to exchange letters with the children. The court, acting on its own initiative, confirmed the Referee's report on February 21, 2018. The father now appeals.
Preliminarily, we reject the father's challenges to the order of reference. The father's " argument that the court erred when it referred this matter to a referee in the absence of exceptional circumstances (see CPLR 4212) is waived, since the record established that [he] participated in the proceeding before the [R]eferee without objection' " (Matter of McDuffie v Reddick, 154 AD3d 1308, 1309 [4th Dept 2017]; see Matter of Wolf v Assessors of Town of Hanover, 308 NY 416, 420 [1955]; Matter of Nilda S. v Dawn K., 302 AD2d 237, 238 [1st Dept 2003], lv denied 100 NY2d 512 [2003]). Contrary to the father's further contention, the alleged failure of the order of reference to comply with 22 NYCRR 202.43 (d) and 22 NYCRR 202.44 (a) does not affect its validity because, with one exception not applicable here (see 22 NYCRR 202.16), "the provisions of 22 NYCRR part 202 apply only to civil actions and proceedings in the Supreme Court and the County Court,' not to proceedings in the Family Court" (McDuffie, 154 AD3d at 1309, quoting 22 NYCRR 202.1 [a]; see Matter of McDermott v Berolzheimer, 210 AD2d 559, 559-560 [3d Dept 1994]). We also reject the father's contention that the order on appeal must be reversed because the court confirmed the Referee's report before the expiration of the 15-day period set forth in CPLR 4403.
Contrary to the father's additional contention, we conclude that " a sound and substantial basis exist[s] in the record for the court's determination that the visitation requested by [the father] would not be in the . . . child[ren]'s best interest[s] under the present circumstances' " (Matter of Bloom v Mancuso, 175 AD3d 924, 926 [4th Dept 2019]). Although visitation with a noncustodial parent is presumed to be in the best interests of the child, even when the parent seeking visitation is incarcerated (see Matter of Granger v Misercola, 21 NY3d 86, 89 [2013]; Matter of Kelley v Fifield, 159 AD3d 1612, 1614 [4th Dept 2018]), that presumption is [*2]rebuttable, and "a demonstration that such visitation would be harmful to the child will justify denying such a request' " (Granger, 21 NY3d at 91; see Bloom, 175 AD3d at 926). Contrary to the father's assertion, "[t]he presumption in favor of visitation may be rebutted through demonstration by a preponderance of the evidence" (Granger, 21 NY3d at 92), and the "substantial proof" language frequently used in that context "should not be interpreted in such a way as to heighten the burden . . . to rebut the presumption of visitation" (id.).
"[W]here, as here, domestic violence is alleged, the [Referee] must consider the effect of such domestic violence upon the best interests of the child[ren]" (Matter of Smith v Stewart, 145 AD3d 1534, 1535 [4th Dept 2016], lv denied 29 NY3d 906 [2017] [internal quotation marks omitted]; see Bloom, 175 AD3d at 926). The record establishes that the father committed acts of domestic violence against respondent mother in the presence of the children, and the Referee noted that the father expressed no remorse or understanding that his actions were harmful to the children. Although the father had communication with the children over the telephone and thus was not a stranger to them (cf. Bloom, 175 AD3d at 926), the record establishes that the father's telephone communication occurred in violation of an order of protection prohibiting him from engaging in any form of communication with the children (see generally Matter of Carroll v Carroll, 125 AD3d 1485, 1487 [4th Dept 2015], lv denied 25 NY3d 907 [2015]; Matter of Abare v St. Louis, 51 AD3d 1069, 1071 [3d Dept 2008]). Furthermore, although the father had a "plan to accomplish the requested visitation" (Smith, 145 AD3d at 1535), the plan entailed having the children's paternal grandmother transport them to the prison. The Referee found that the paternal grandmother was ill-suited for that responsibility inasmuch as she permitted the children to speak on the telephone with the father in violation of the order of protection and, because she never testified, the Referee had no assurance that she would abide by the order that would be entered. Thus, we find no basis to disturb the court's determination denying the father's request for visitation with the subject children at the prison (see Bloom, 175 AD3d at 926-927; see generally Smith, 145 AD3d at 1535; Matter of Chilbert v Soler, 77 AD3d 1405, 1406 [4th Dept 2010], lv denied 16 NY3d 701 [2011]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court