Matter of Shaun C.S. v Kim N.M. (2020 NY Slip Op 02099)





Matter of Shaun C.S. v Kim N.M.


2020 NY Slip Op 02099


Decided on March 26, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020

Gische, J.P., Webber, Gesmer, Kern, JJ.


11221 -18 -18

[*1]In re Shaun C.S., Petitioner-Respondent,
v
Kim N.M., Respondent-Appellant.
In re Kim N.M., Petitioner-Appellant,
v
Shaun C.S., Respondent-Respondent.


The Mandel Law Firm, New York (Howard A. Gardner of counsel), for appellant.
Carrion Law Group P.C., Brooklyn (Christopher A. Carrion of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the child.



Order, Family Court, Bronx County (Tamara Schwarzman, Court Attorney - Referee), entered on or about August 2, 2019, which, to the extent appealed from as limited by the briefs, granted physical custody to the mother on the condition that she return to live in New York prior to the start of the 2019-2020 school year, and live in specified geographic proximity to the father's residence, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings, consistent herewith, before a Family Court judge.
In April 2018 and May 2018, the father and the mother filed separate custody petitions for their son. The petitions were subsequently withdrawn and dismissed, without prejudice. In those proceedings, the father, mother, and mother's counsel executed an order of reference and stipulation agreeing that a Family Court Referee would "hear and determine the . . . matter and any cross petitions and any supplemental petitions filed prior to its conclusion, as well as any future petitions and supplemental petitions with respect thereto." When new petitions were filed, the mother made an application to have the case transferred from the Referee to a Family Court judge. That request was improperly denied.
"[A]n order of reference to a Judicial Hearing Officer (JHO) to hear and determine is permissible only with the consent of the parties, and [] such consent is an essential jurisdictional predicate'" (Batista v Delbaum, Inc., 234 AD2d 45, 46 [4th Dept 1996][internal citations omitted]; Matter of David S.S. v Mia B.M., 48 AD3d 1246, 1246 [1st Dept 2008]).
We do not agree that the parties' consent to have the Referee hear and determine the parties' disputes in the prior proceedings remained effective after those proceedings were terminated. We also disagree with the father's contention that the reference to "future" petitions in the stipulation means that the parties forever forfeited any right to have a Family Court judge review their custody disputes until their child reaches age 18. Rather, once the prior proceedings were terminated, and the parties filed completely new petitions, which did not seek any enforcement or modification of extant orders issue in the prior proceedings, the stipulation regarding the Referee's jurisdiction had no effect. Use of the word "future" in this stipulation did not bind the parties for all times and in all subsequent proceedings concerning this child.
Notwithstanding that the Referee lacked jurisdiction to determine the matters before her, a Family Court judge has the right to refer the parties' dispute to a referee for a hearing and report (see CPLR 4001, 4201; see Matter of Rose v Simon, 162 AD3d 1048 [2d Dept 2018]; see Matter of Stewart v Mosley, 85 AD3d 931, 932 [2d Dept 2011]). A Family Court judge may make such a reference, even in the absence of the parties' consent (see CPLR 4001; 4212). In those circumstances, where it is a hear and report, the parties have the right to seek review of the Referee's findings by a Family Court judge by bringing a motion to confirm or reject (CPLR 4320; 4403; see e.g. Matter of McDuffie v Reddick, 154 AD3d 1308, 1309 [4th Dept 2017]; Capili v Ilagan, 26 AD3d 354 [2d Dept 2006]).
Here, however, the Referee exceeded her authority by determining the issues, instead of making findings of fact and reporting them to the court (see Karpov v Shiryaev, 116 AD3d 613, 613 [1st Dept 2014]). Although the mother requests a new trial, it is unclear whether that relief is necessary. Instead, we remand this matter to a Family Court judge so that a judicial determination can be made as to whether any further hearings are necessary, and to allow the parties an opportunity to seek confirmation or rejection of the Referee's findings of fact and legal conclusions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2020
CLERK