People v Gehlhaus (2024 NY Slip Op 24019)

[*1]

People v Gehlhaus

2024 NY Slip Op 24019

Decided on January 25, 2024

District Court Of Nassau County, First District

Wright, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 25, 2024
District Court of Nassau County, First District

People of the State of New York,

against
Thomas Gehlhaus, Defendant.

Docket No. CR-012233-23NA

Anne T. Donnelly, District Attorney
Steven B. Epstein, Esq., attorney for Defendant

David W. Wright, J.

PAPERS CONSIDERED NUMBERED
Omnibus Motion 1
Affidavit in Opposition 2
Reply Afirmation
The defendant moves for an order striking the People's Certificate of Compliance (COC) and dismissing the accusatory instrument pursuant to CPL 30.30(5).
The defendant is charged with multiple violations of the VTL including driving while intoxicated (VTL 1192[3]), a misdemeanor. The defendant was arraigned on June 23, 2023. After several adjournments for the defendant to retain counsel, the matter was calendared for July 26, 2023, for People's compliance. The People filed COC and Certificate of Readiness (COR) on October 24, 2023.
The defendant contends, inter alia, that the People failed to provide all disciplinary records of the police officers involved in the defendant's arrest as required under CPL 245[1][k][iv] for purposes of impeachment at trial. It has been the practice, as here, for the People to only produce disciplinary records which are "related to the subject matter of the case" and, even in those cases, only summaries of the allegations against the police officer.
The relevant portions of the automatic disclosure statute, CPL 245.20[1] and [k][iv], provide:
[1] The prosecution shall disclose to the defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including but not limited to [the [*2]following 21 categories (a)-(u)].
* * *
[k][iv] impeach the credibility of a testifying prosecution witness;
This position taken by the People regarding disclosure of police disciplinary records has been subject to divergent opinions among the trial courts and appellate courts since the enactment of CPL 245.20. Any question about what the People's obligation is in this regard appeared to have been resolved by People v Hamizane (80 Misc 3d 7 [App. Term. 2d Dept, 9th & 10th Jud. Dists, 2023]). The Appellate Term definitively concluded that summaries of disciplinary records do not comply with the People's obligation under CPL 245.20[1][k]. The court in Hamizane held, "with respect to every listed potential police witness, it was the People's obligation to disclose whether or not disciplinary records exist, and to provide the defense with copies of any existing records (Id. at 11). Further, the court specifically rejected the People's contention that only disciplinary records relating to the subject matter of the case need to be disclosed (Id.). 
While the Hamizane decision was a clear statement that all disciplinary records must be produced in order to comply with the requirements of CPL 245.20, subsequent decisions appear to call that holding into question. The Appellate Division, Fourth Department in People v Johnson (218 AD3d 1347 [4th Dept. 2023]), and People v Weisman (81 Misc 3d 129[A] [App Term, 2d Dept, 9th & 10th Jud Dists, Oct. 26, 2023]), state that only IAB or disciplinary records of police witnesses that are "related to the subject matter of the case" are subject to automatic discovery. However, in neither case is there any discussion of what the allegations of misconduct were or whether they might bear on the credibility of an officer's testimony, which is always related to the subject matter of the case (see People v Silva-Torres, 200 NYS3d 744 [Crim. Ct., NY Cnty, Rosenthal, J., Oct. 25, 2023]). Further, the discussion of the IAB records in Weisman appears to be pure dicta as there was no reason to reach that issue in review of a post-trial judgment of conviction. Moreover, People v Johnson is directly contrary to the Appellate Division, First Department decision in Matter of Jayson C (200 AD3d 447[1st Dept. 2021]), which held that CPL 245.20(1)(k)(iv) "broadly requires disclosure of all impeachment evidence."
More recently, the Appellate Term, Second Department, for the 9th and 10th Districts, issued a pair of decisions which are directly contrary to the holding in Hamizane, without expressly overruling Hamizane. In People v Fuentes (18 Misc 3d 136[A] [App Term, 2d Dept, 9th & 10th Jud Dists Dec. 14, 2023]) and People v Woerner (81 Misc 3d 136[A] [App Term, 2d Dept, 9th & 10th Jud Dists Dec. 14, 2023]), the Appellate Term held that internal affairs records of a testifying police officer did not have to be disclosed pursuant to CPL 245.20[1][k][iv] because those records did not "relate to the subject matter of the case' as they involved incidents "in a wholly unrelated case involving a different individual more than two years before the defendant was charged." The Appellate Term cited People v Johnson as authority for its holding. It appears that the Appellate Term now reads CPL 245.20 [1] as limiting the items subject to automatic disclosure listed in subsections [a] through [u] to only those items that "relate to the subject matter of the case." Not only is that interpretation clearly not what the Legislature intended, it does not make grammatical sense, and it is not in line with a recent Court of Appeals [*3]decision. 
In People v Bay (— NY3d —; 2023 NY Slip Op. 06407 [Dec. 14, 2023]), the Court of Appeals described CPL 245.20 as follows:
CPL 245.20, titled "[a]utomatic discovery," requires disclosure to a defendant of "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (CPL 245.20[1]). The statute enumerates 21 categories of material subject to disclosure (see CPL 245.20[1] [disclosure obligations include, but are not limited to, these categories]).
The clear meaning of CPL 245.20 is not that the 21 enumerated categories are limited to what relates to the subject matter of case, but rather that the 21 enumerated categories are related to the subject mater of the case and the automatic disclosure obligations are not limited to those categories. It makes no grammatical sense for the People to contend that all 21 enumerated categories of automatic disclosure are limited to only information that "relates to the subject matter of the case" (see People v Pardo, 199 NYS3d 867 [Crim. Ct. Bronx Cnty, Grieco, J., 2023]). As Judge Grieco eloquently stated in Pardo, to accept this interpretation would render some portions of the statute "superfluous, meaningless, or ambiguous: take your pick" (Id. at 872). For example, application of the People's assertion to the following subsections would lead to an absurdity:
(p) A complete record of judgments of conviction for all defendants and all persons designated as potential prosecution witnesses pursuant to paragraph (c) of this subdivision, other than those witnesses who are experts.
(q) When it is known to the prosecution, the existence of any pending criminal action against all persons designated as potential prosecution witnesses pursuant to paragraph (c) of this subdivision.
The People's interpretation would mean that they only have to "disclose if any defendants or potential prosecution witnesses have been convicted based upon the same subject matter the defendant is on trial for, or if there is a case based on the same subject matter pending against a potential prosecution witness " (Id. at 875). This could not have been the Legislature's intention and I submit that we all know what the Legislature's intention was; that the People must give everything, without limitation.
Additionally, CPL 245.20[1][k] provides ample evidence of the Legislature's intent not to limit impeachment evidence to what "relates to the subject matter of the case." The statute reads as follows, in pertinent part:
All evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to: (i) negate the defendant's guilt as to a charged offense; (ii) reduce the degree of or mitigate the defendant's culpability as to a charged offense; (iii) support a potential defense to a [*4]charged offense; (iv) impeach the credibility of a testifying prosecution witness; (v) undermine evidence of the defendant's identity as a perpetrator of a charged offense; (vi) provide a basis for a motion to suppress evidence; or (vii) mitigate punishment. Information under this subdivision shall be disclosed whether or not such information is recorded in tangible form and irrespective of whether the prosecutor credits the information. The prosecutor shall disclose the information expeditiously upon its receipt and shall not delay disclosure if it is obtained earlier than the time period for disclosure in subdivision one of section 245.10 of this article [emphasis added].
Applying the rule of construction that language not present in a statutory or regulatory provision was intentionally omitted, particularly in a case where the same or similar language was included in other comparable provisions (see McKinney's Cons Laws of NY, Book 1, Statutes § 74; Corrigan v NYS Office of Children and Family Servs., 129 AD3d 1073 [2d Dept. 2015]; Matter of Sherwood Med. Co. v. New York State Dept. of Envtl. Conservation, 206 AD2d 819 [3d Dept. 1994]), it is clear that the Legislature could have simply added the same language as it did in four (4) other subsections had it wished to limit impeachment evidence "as to the charged offense." The Legislature's failure to do so must be deemed intentional, thereby supporting the conclusion that there was to be no limitation on impeachment evidence.
With regard to binding precedent on this issue, the interpretation of "information that relates to the subject matter of the case" is far from settled in our appellate courts. Indeed, it is not even settled in the Appellate Term, Second Department for the 9th & 10th Districts (see People v Hamizane, supra; cf. People v Weisman, supra; People v Fuentes, supra; People v Woerner, supra).
Accordingly, as there is no clear binding appellate authority (see People v Suber, 19 NY3d 247 [2012]; Mountain View Coach Lines, Inc. v Storms, 102 AD2d 663 [2d Dept. 1984]), I interpret CPL 245.20[1][k][iv] in line with People v Bay, People v Hamizane, and the rules of statutory construction, and, therefore, hold that the People are obligated to disclose all disciplinary records, without limitation. 
The obvious and understandable reluctance to accept this interpretation comes from police officers fearing that potentially embarrassing or patently irrelevant personal information will end up in the hands of the defendant and/or defense counsel. The Legislature specifically built in a procedure for the People to protect police officers from disclosure of information for good cause shown in an application for a protective order (CPL 245.70), which further supports the conclusion reached here. 
The question then becomes whether the People exercised good faith and due diligence in attempting to obtain the disciplinary records. Here, the People have not met that standard. In fact, the failure or refusal to provide the disciplinary records was intentional based upon a misguided interpretation of the statute.
Accordingly, the COC filed on October 24, 2023, was invalid.
In light of the improper COC in this case, the People's purported COR was insufficient to stop the speedy trial clock. Accordingly, the defendant's motion to dismiss the accusatory instrument pursuant to CPL 30.30(5) is granted.
A letter dated January 24, 2024, submitted by the defendant's counsel via email, post [*5]motion submission, is rejected as untimely and procedurally improper. It has not been considered in reaching this decision.
All applications not specifically addressed are hereby Denied.
This constitutes the Decision and Order of the Court.
HON. DAVID W. WRIGHT, J.D.C.
Dated: January 25, 2024