■ In the Matter of JAIME IADICICCO, an Infant, by PATRICIA E. WATKINS,* Her Law Guardian, Respondent, v RALPH IADI-CICCO, Appellant. [704 NYS2d 377] —Mugglin, J. Appeal from an order of the Family Court of Warren County (Halloran, J.), entered January 5, 1998, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of visitation.

---

* Although the caption on all of the papers, including Family Court's decision, lists Judith Delong-Iadicicco, the mother, as the petitioner in the modification of visitation petition, the child, by her Law Guardian, commenced said proceeding and she is therefore the appropriate petitioner.

As the result of a divorce in 1988, Judith Delong-Iadicicco (hereinafter the mother) was granted sole physical and legal custody of Jaime Iadicicco (hereinafter the child, born in 1984). Since that time, the parents have been involved in numerous Family Court proceedings culminating in an April 19, 1996 order which provided respondent, the father, with four weekend visitations per year with the child. The present proceeding involves a petition filed by the Law Guardian on behalf of the child requesting that the April 19, 1996 order be modified such that "the applicant's judgment regarding visitation with respondent should be respected." By cross petition, respondent sought full legal and physical custody of the child. Family Court terminated respondent's visitation except to the extent desired by the child, prompting this appeal.

Recognizing that termination of a parent's visitation rights is a drastic remedy that requires a showing by substantial evidence that termination is in the best interest of the child and that any visitation would be detrimental to the welfare of the child (*see, Matter of Reese v Jones*, 249 AD2d 676, 677; *Matter of Belden v Keyser*, 206 AD2d 610, 611), we hold that Family Court correctly granted the child's petition seeking to terminate respondent's visitation. In our view, the record contains ample evidence supporting the conclusion that forcing the child to continue to visit with respondent would result in significant emotional harm to the child. In reaching its determination, Family Court gave appropriate credit to the psychological evaluations and recommendations given by the various expert witnesses presented by the child's Law Guardian.

We find, however, that Family Court erred to the extent it directed visitation based upon the child's desires. Generally, this issue, which should be considered but is not determinative, arises where a child is seeking a change of custody or greater visitation with a noncustodial parent (*see, Eschbach v Eschbach*, 56 NY2d 167, 173; *Dwyer v De La Torre*, 260 AD2d 773, 774; *Matter of Nicotera v Nicotera*, 222 AD2d 892, 894; *People ex rel. James "HH" v Ethel "HH"*, 49 AD2d 130, 133). Here, it is the child who petitioned to end visitation. Nevertheless, Family Court, not the child, should determine any future visitation issues. Accordingly, we modify Family Court's order by deleting that provision, resulting in respondent's visitation being terminated until further order of the court.

Of the remaining contentions of respondent only that concerning the right to assigned counsel warrants any discussion. Respondent contends that he was denied his right to assigned counsel (*see*, Family Ct Act § 262 [a] [iii]). However, the

record clearly shows that Family Court repeatedly urged him to file the required financial affidavit to determine his eligibility for the assignment of counsel, which he failed to do. Under these circumstances, Family Court did not abuse its discretion in refusing to adjourn the scheduled hearing (*see, Matter of Denise AA. v David AA.*, 237 AD2d 680, 681-682; *Matter of Tavolacci v Garges*, 124 AD2d 734, 737).

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting from the second decretal paragraph therein the provision "except such visitation as is desired by Jaime Iadicicco," and, as so modified, affirmed.