■ DARSWEIL ROGERS, Appellant, v MARLYN ROGERS, Respondent. [860 NYS2d 70]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered December 19, 2007, which, to the extent appealed from as limited by the brief, granted defendant's motion for pendente lite maintenance and child support to the extent of imputing an income of $250,000 to plaintiff and directing plaintiff to: (1) pay unallocated temporary nontaxable maintenance and child support of $5,500 per month; (2) continue paying an allowance of $100 per week to the parties' son; (3) continue paying all carrying charges on the marital residence, including maintenance, condo assessments, rent, mortgage, insurance and all utilities; (4) pay all unreimbursed nonelective pharmaceutical, medical and dental expenses incurred by defendant and the parties' son; (5) maintain in full force and effect all presently existing insurance policies including life, medical and dental on behalf of defendant and the parties' son; and (6) pay college tuition and school related expenses for the parties' son, and denied plaintiff's cross motion for preclusion sanctions pursuant to CPLR 3126, unanimously affirmed, without costs.

The court properly imputed income to plaintiff based on his well-documented earning history, his present earning potential, and his apparent intentional reduction in his earnings for the purposes of mitigating or avoiding his support obligations (*see Hickland v Hickland*, 39 NY2d 1, 5-6 [1976], *cert denied* 429 US 941 [1976]; *Fruchter v Fruchter*, 29 AD3d 942, 943 [2006]). Notably, plaintiff offers no explanation for his failure to obtain or attempt to obtain comparable employment since the end of 2006, when his severance pay from his prior employer terminated.

We decline to disturb the pendente lite award, where there is no showing of exigent circumstances, and where the court gave proper consideration to the factors specified in Domestic Relations Law § 236 (B) (6) (*see Sumner v Sumner*, 289 AD2d 129, 130 [2001]).

Defendant's request for preclusion sanctions was properly denied, where the record shows that any failure on defendant's part to comply with discovery was not willful, deliberate or in bad faith (*see Maillard v Maillard*, 243 AD2d 448 [1997]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Lippman, P.J., Andrias, Sweeny and Renwick, JJ.