■ In the Matter of KIEVERETT GARNER, Appellant, v JUDITH GARNER, Respondent. [941 NYS2d 268]—

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Seiden, Ct. Atty. Ref.), dated December 1, 2009, which, after a hearing, dismissed his petition, in effect, to modify a prior order of custody and visitation dated November 18, 2004, awarding custody of the subject child to the mother and visitation to the father, so as to award him sole custody of the subject child. By decision and order of this Court dated October 4, 2011, the matter was remitted to the Family Court, Queens County, for a reconstruction hearing with respect to those proceedings conducted in this matter on July 29, 2009, which could not be transcribed, and thereafter to report to this Court with all convenient speed, and the appeal was held in abeyance (*Matter of Garner v Garner,* 88 AD3d 708 [2011]). The Family Court has now submitted its report.

Ordered that the order dated December 1, 2009, is affirmed, without costs or disbursements.

The appellant's contention that he was deprived of his right to counsel at the custody hearing is without merit. After five days of the seven-day hearing, the Family Court granted the application by the appellant's counsel to be relieved. Subsequently, the appellant appeared before the Family Court and was afforded an opportunity to apply for assigned counsel, but he refused to answer questions regarding his financial status. The Family Court adjourned the matter for four months so that the appellant could seek new counsel. The appellant failed to do so. On the next day of the hearing, the appellant disclosed his financial information, but his request for assigned counsel was

denied. The appellant indicated that he was not willing to retain an attorney, and he proceeded pro se for the final two days of the hearing. Since the appellant did not qualify for assigned counsel, and was unwilling to retain counsel, the Family Court properly declined to grant a further adjournment (*see Matter of Fuentes v Fuentes*, 5 AD3d 484, 485 [2004]; *Matter of Nilda S. v Dawn K.*, 302 AD2d 237, 238 [2003]; *Matter of Iadicicco v Iadicicco*, 270 AD2d 721, 722-723 [2000]; *Matter of Tavolacci v Garges*, 124 AD2d 734, 736-737 [1986]). Dillon, J.P., Belen, Sgroi and Miller, JJ., concur.