█ In the Matter of CRAIG MONDSCHEIN, Respondent, v ELIZABETH MONDSCHEIN, Appellant. [996 NYS2d 114]—

In related custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Klein, J.), entered December 20, 2013, which, after a hearing, granted the father's petition to modify the custody provisions set forth in a stipulation of settlement, which was incorporated but not merged into the parties' judgment of divorce dated April 14, 2011, so as to, inter alia, award him sole legal and physical custody of the parties' two younger children, with supervised visitation to the mother.

Ordered that the order entered December 20, 2013, is affirmed, with costs.

A modification of an existing court-sanctioned custody arrangement should be allowed " 'only upon a showing of a sufficient change in circumstances demonstrating a real need for a change of custody in order to insure the child's best interests' " (*Matter of Dorsa v Dorsa*, 90 AD3d 1046, 1046 [2011], quoting *Matter of Nava v Kinsler*, 85 AD3d 1186, 1186 [2011]). The best

interests of the child must be determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]). Since custody determinations "necessarily depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the [Family] [C]ourt's findings. Therefore, its findings should not be set aside unless they lack a sound and substantial basis in the record" (*Matter of Diaz v Garcia*, 119 AD3d 682 [2014] [brackets and internal quotation marks omitted]; *see Matter of Lawlor v Eder*, 106 AD3d 739, 740 [2013]; *Matter of Tori v Tori*, 103 AD3d 654, 655 [2013]).

Here, contrary to the mother's contention, the Family Court properly considered the totality of the circumstances, and its determination that there had been a sufficient change in circumstances requiring a change in custody to protect the best interests of the parties' two younger children is supported by the record, including the hearing testimony and the recommendation of the court-appointed forensic evaluator. Since the Family Court's determination has a sound and substantial basis in the record, it will not be disturbed on appeal.

The mother's remaining contention is without merit. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.