■ In the Matter of MARIA MOISEEVA, Respondent, v YEMELYAN SICHKIN, Appellant. [13 NYS3d 123]—

Appeal from an order of protection and an order of custody of the Family Court, Queens County (John M. Hunt, J.), both dated April 1, 2014. The order of protection, inter alia, directed the father to stay away from the subject child and the mother until and including March 30, 2016. The order of custody, insofar as appealed from, after a fact-finding hearing, granted the mother's petition for sole legal and physical custody of the subject child.

Ordered that the appeal from the order of protection is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of custody is affirmed insofar as appealed from, without costs or disbursements.

The parties have one child in common, who was born in 2007. In March 2013, the mother filed a family offense petition pursuant to Family Court Act article 8, alleging that the father committed acts which constituted, inter alia, the offense of aggravated harassment in the second degree (Penal Law § 240.30 [1]). After a fact-finding hearing, the Family Court granted the family offense petition and issued an order of protection against the father and in favor of the child and the mother. However, in an order dated December 2, 2014, the Family Court vacated the order of protection and dismissed the family offense petition, citing *People v Golb* (23 NY3d 455, 466-468 [2014]). Accordingly, the father's appeal from the order of protection must be dismissed as academic (*see Matter of Winona Pi. [Winona Pa.]*, 86 AD3d 542 [2011]).

In May 2013, the mother petitioned for sole legal and physical custody of the child. After a fact-finding hearing, at which the father represented himself, the Family Court issued an order dated April 1, 2014, granting sole legal and physical custody of the child to the mother.

Contrary to the father's contention, he was not deprived of his right to the assistance of counsel as a result of the Family Court's decision not to appoint counsel to represent him in the custody proceeding. Although the father had the right to the

assistance of counsel as a respondent in a custody proceeding pursuant to Family Court Act article 6 (*see* Family Ct Act § 262 [a]; *Matter of Savoca v Bellofatto*, 104 AD3d 695, 696-697 [2013]; *Matter of Rosof v Mallory*, 88 AD3d 802, 802 [2011]; *Matter of Collier v Norman*, 69 AD3d 936, 937 [2010]), the Family Court properly determined that the father was not financially eligible for a court-appointed attorney. When a party who is entitled to be represented by counsel indicates an inability to retain private counsel, the court must make an inquiry to determine whether the party is eligible for court-appointed counsel (*see Matter of Pugh v Pugh*, 125 AD3d 663, 664 [2015]; *Matter of Bader v Hazzis*, 77 AD3d 742, 744 [2010]; *Gifford v Gifford*, 223 AD2d 669, 670 [1996]). Here, the Family Court properly inquired as to the father's eligibility for court-appointed counsel and, after the mother presented a document undermining the father's claim of indigency, instructed the father to submit certain documentation to the court so the court could determine the father's financial eligibility for a court-appointed attorney (*see Matter of Perez v Richmond*, 104 AD3d 692 [2013]). Since the father failed to fully and timely make the disclosure necessary to support his claim of indigency, the Family Court did not err in failing to appoint counsel to represent him (*see Matter of Perez v Richmond*, 104 AD3d at 692; *Matter of Nilda S. v Dawn K.*, 302 AD2d 237, 237-238 [2003]; *see also Matter of Anderson v Harris*, 73 AD3d 456, 457 [2010]; *Matter of Iadicicco v Iadicicco*, 270 AD2d 721, 722-723 [2000]).

Moreover, there is no basis to disturb the Family Court's order awarding sole custody of the subject child to the mother. "The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (*Matter of Psaros v Mitchell-Ortega*, 128 AD3d 703, 703 [2015] [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Doyle v Debe*, 120 AD3d 676, 679 [2014]). "Inasmuch as custody determinations depend in large part on the Family Court's assessment of the character and credibility of the parties and witnesses, that court's findings will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Jaelin L. [Kimrenee C.]*, 126 AD3d 795, 797 [2015]; *see Matter of Mondschein v Mondschein*, 122 AD3d 636, 637 [2014]).

Here, the Family Court properly considered the totality of the circumstances and did not, as the father contends, base its custody determination primarily on its finding that the father

committed the offense of aggravated harassment in the second degree, which finding was subsequently vacated. The evidence presented at the hearing on the custody petition indicated, among other things, that the mother had been the child's primary caregiver throughout the child's life, that the father had a long history of alcohol abuse, that the father voluntarily absented himself from the child for significant periods of time, and that the father suffered from an untreated mental condition which rendered him unable to take proper care of the child in the mother's absence. This evidence, which was properly credited by the Family Court, provides a sound and substantial basis for the Family Court's determination that an award of sole legal and physical custody to the mother is in the child's best interests (see Matter of Eddington v McCabe, 98 AD3d 613, 614 [2012]; Matter of Baker v Spurgeon, 85 AD3d 1494, 1496-1497 [2011]). Since the Family Court's custody determination has a sound and substantial basis in the record, it will not be disturbed on appeal (see Matter of Mondschein v Mondschein, 122 AD3d at 637; Matter of Bonet v Bonet, 121 AD3d 978, 978 [2014]). Rivera, J.P., Dickerson, Miller and Duffy, JJ., concur.