■ In the Matter of ANTOINETTE M. DAILEY, Appellant, v EVAN GOVAN, Respondent. [26 NYS3d 173]—

Appeal from an order of the Family Court, Queens County (Dennis Lebwohl, J.), dated March 12, 2015. The order, insofar as appealed from, (a) granted certain objections to an order of that court (Sudeep Kaur, S.M.), dated January 21, 2015, which, after a hearing, granted the mother's petition for an upward modification of the father's child support obligation as set forth in an order of support dated December 17, 2009 (Lisa J. Friederwitzer, S.M.), (b) vacated the order dated January 21, 2015, (c), in effect, denied the mother's petition, and (d) reinstated the order of support dated December 17, 2009.

Ordered that the order dated March 12, 2015, is modified, on the law, (1) by deleting the provision thereof granting the father's objection to so much of the order dated January 21, 2015, as reinstated the mother's petition following its dismissal in 2014, and substituting therefor a provision denying that objection, and (2) by deleting the provision thereof, in effect, denying the petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and

the matter is remitted to the Family Court, Queens County, for a new determination of the father's child support obligation in accordance herewith.

The mother and the father in this child support proceeding have two children. In 2004, a support order was entered against the father. The father's support obligation was downwardly modified, on consent, in an order dated December 17, 2009. In February 2013, the mother, pro se, filed a petition for an upward modification of child support. When the mother failed to appear at a calendar call in February 2014, the Support Magistrate dismissed the petition. The same day, the petition was reinstated upon the mother's appearance and oral application, but after the father had left the courthouse. The parties thereafter litigated the merits of the petition, which was granted in an order of the Support Magistrate, dated January 21, 2015.

The father filed objections to the Support Magistrate's order, which included an assertion that the petition was improperly reinstated ex parte in February 2014 and that the Support Magistrate did not have sufficient evidence regarding the mother's income to properly calculate child support pursuant to the Child Support Standards Act (hereinafter CSSA). The Family Court granted those objections, vacated the Support Magistrate's order, in effect, denied the petition, and reinstated the order of support dated December 17, 2009. The mother appeals from these portions of the Family Court's order.

Although the Support Magistrate recited the circumstances of the reinstatement of the petition on the record at the next court appearance following the dismissal and reinstatement, the father made no effort at that time, or during the course of the year in which the merits of the petition were litigated, to register any objection to the ex parte reinstatement of the petition, or to seek relief from this Court. Under the circumstances of this case, by appearing in the proceeding and participating in the support hearing on the merits, the father waived his right to object to the ex parte reinstatement of the petition (see Matter of Stanford v Job, 113 AD3d 782, 783 [2014]; cf. S. Nicolia & Sons Realty Corp. v A.J.A. Concrete Ready Mix, Inc., 130 AD3d 1004 [2015]; Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C., 127 AD3d 911, 914 [2015]; Casey v Casey, 39 AD3d 579, 579-580 [2007]). Thus, the father's objection to the Support Magistrate's order on that ground should have been denied.

However, the Family Court properly granted the father's objection to the Support Magistrate's order on the ground that

the mother failed to provide sufficient evidence of her income to calculate child support under the CSSA. In determining parental income under the CSSA, the court must begin with the parent's "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413 [1] [b] [5] [i]; *see Matter of Lynn v Kroenung*, 97 AD3d 822 [2012]; *Matter of Azrak v Azrak*, 60 AD3d 937, 938 [2009]). "The court is also permitted to consider current income figures for the tax year not yet completed" (*Matter of Azrak v Azrak*, 60 AD3d at 938; *see Matter of Lynn v Kroenung*, 97 AD3d at 822; *Matter of Moran v Grillo*, 44 AD3d 859, 860 [2007]). In addition, Family Court Act § 424-a (a) requires that the parties, in any support proceeding, file certain financial documents with their sworn statements of net worth.

Here, the mother did not submit all of the required financial documentation, including tax returns. Further, the mother's testimony and the financial documents she did submit did not remedy her failure to make complete financial disclosure, since the mother's financial disclosure affidavit was inconsistent with her financial documents, and her testimony was vague and not detailed. Under these circumstances, the Support Magistrate should have adjourned the proceeding until such time as the mother filed the required documents with the court, as authorized by Family Court Act § 424-a (c) (*see* Family Ct Act § 424-a [c]; *Matter of Malcolm v Trupiano*, 94 AD3d 1380, 1380-1381 [2012]).

To the extent that the father argues on appeal that the mother did not demonstrate a substantial change in circumstances so as to warrant an upward modification of his child support obligation, that contention is not properly before this Court, as it was not raised in his objections to the Support Magistrate's order (*see Matter of Worner v Gavin*, 134 AD3d 1043 [2015]; *Matter of Pizzuto v Pizzuto*, 129 AD3d 846, 847 [2015]).

Accordingly, the father's objection to so much of the order dated January 21, 2015, as reinstated the mother's petition should have been denied, and we remit the matter to the Family Court, Queens County, for a new determination of the father's child support obligation upon the mother's submission of the required financial disclosure. Eng, P.J., Rivera, Hall and Hinds-Radix, JJ., concur.