Matter of Cook v Charles (2018 NY Slip Op 01918)





Matter of Cook v Charles


2018 NY Slip Op 01918


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-02052
 (Docket No. F-4857-04/16E)

[*1]In the Matter of Darian Wayne Cook, Sr., appellant,
v
Karen D. Charles, respondent.


Darian Wayne Cook, Sr., appellant pro se.



DECISION & ORDER
Appeal from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated January 9, 2017. The order, insofar as appealed from, denied the father's objections to so much of an order of that court (Gladys E. Braxton, S.M.) entered November 3, 2016, as, after a hearing, denied that branch of the father's petition which was for a reduction of his child support arrears.
ORDERED that the order dated January 9, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father in this child support proceeding have one child, who was born in 2002. The father was incarcerated from January 2003 to March 2016. Pursuant to an order dated January 13, 2016, the father was required to pay $60 per week in basic child support and $38,460 in child support arrears. On March 23, 2016, the father filed a petition, inter alia, for a reduction of the child support arrears, which had accrued while he was incarcerated. After a hearing, the Support Magistrate denied the father's petition. The father filed objections to the Support Magistrate's order. In an order dated January 9, 2017, the Family Court denied the objections. The father appeals.
On appeal, the father's sole contention is that he was entitled to a $500 limit on the accrual of total unpaid child support arrears pursuant to Family Court Act § 413(1)(g). However, this contention is not properly before this Court, as it was not raised in the father's objections to the Support Magistrate's order (see Matter of Dailey v Govan, 136 AD3d 1029, 1031; Matter of Worner v Gavin, 134 AD3d 1043).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court