Torres v Torres (2019 NY Slip Op 03014)





Torres v Torres


2019 NY Slip Op 03014


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Renwick, J.P., Gische, Webber, Singh, JJ.


9082N 306632/16

[*1] Ulises Torres, Plaintiff-Appellant,
v
Sharon Torres, Defendant-Respondent.


Brian D. Perskin & Associates P.C., Brooklyn (Brian D. Perskin of counsel), for appellant.
Christine K. Wienberg, New City, for respondent.



Order, Supreme Court, New York County (Michael L. Katz, J.), entered September 24, 2018, which denied plaintiff's motion to vacate the pendente lite order of spousal maintenance and counsel fees awarded to defendant and his request for sanctions and counsel fees, unanimously affirmed, without costs.
The court properly denied plaintiff husband's motion to vacate the pendente lite order of spousal maintenance and counsel fees because he failed to show the existence of fraud (see CPLR 5015[a][3]; Grinshpun v Borokhovich, 148 AD3d 447 [1st Dept 2017]). Moreover, whether or not defendant wife's nondisclosure of a new tenant in the investment property amounted to misrepresentation or other misconduct, plaintiff did not establish that the information would have been material to the outcome of her request for temporary spousal maintenance and attorney's fees (see Matter of Travelers Ins. Co. v Rogers, 84 AD3d 469 [1st Dept 2011]).
We decline to disturb the pendente lite award, there being no showing of exigent circumstances (see Sumner v Sumner, 289 AD2d 129 [1st Dept 2001]). Ordinarily, an aggrieved party's remedy for any perceived inequities in a pendente lite award is a speedy trial, and no exception is warranted here (see Anonymous v Anonymous, 63 AD3d 493, 496 [1st Dept 2009]).
We find that the court providently exercised its discretion in denying plaintiff's request for counsel fees and sanctions as there is no basis for concluding that defendant's conduct was frivolous (Pickens v Castro, 55 AD3d 443, 444 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK