Warshaw v Warshaw (2019 NY Slip Op 05067)





Warshaw v Warshaw


2019 NY Slip Op 05067


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Renwick, J.P., Manzanet-Daniels, Webber, Oing, JJ.


9696 302489/17

[*1]Linda Warshaw, Plaintiff-Respondent,
v
Steven Warshaw, Defendant-Appellant.


Warshaw Burstein, LLP, New York (Sophie Jacobi-Parisi of counsel), for appellant.
Law Office of Yonatan Levoritz, New York (Yonatan Levoritz of counsel), for respondent.



Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered August 23, 2018, which, insofar as appealed from as limited by the briefs, awarded plaintiff wife pendente lite spousal maintenance of $11,668 per month, unanimously affirmed.
While Supreme Court awarded plaintiff pendente lite maintenance of $11,668 per month, it also required her to pay, from that sum, 50% of the costs of the parties' rent (at the time of the award, the parties continued to live together), utilities and household help, and 100% of her own personal expenses. Using the figures for these expenses in the parties' sworn Net Worth Statements, we find that plaintiff's net monthly award is approximately $4,307 per month [FN1]. This amount is less than the $4,375 per month plaintiff sought. It is also less than the $4,600 per month that she, to whom the court appropriately imputed zero income, and who is not receiving child support, would receive upon application of the statutory guideline formula to defendant's income capped at $184,000 (see Domestic Relations Law [DRL] § 236[B][5-a][c][2][a]-[f]). Accordingly, defendant's arguments on appeal are largely academic.
Were we to address these arguments, we would find them unavailing. Defendant correctly argues that the court should not have relied upon an income average (see Azizo v Azizo, 51 AD3d 438 [1st Dept 2008]). However, the court was not required to rely solely on defendant's representations of his financial status (see e.g. Lennox v Weberman, 109 AD3d 703, 703-704 [1st Dept 2013]; see also Rogers v Rogers, 52 AD3d 354 [1st Dept 2008]), and it appropriately looked beyond defendant's most recent tax return to consider his earnings history. Given that defendant is 70% owner and officer of a business he co-owns with his two brothers, the court reasonably considered the possibility that defendant, whose income declined precipitously after plaintiff commenced this action, might wield some control over the timing and amount of his compensation.
The court also properly declined to impute income to plaintiff. Defendant cited the master's degree she earned from New York University in 2008. However, he did not adequately [*2]account for the fact that plaintiff has been out of the work force for years. He offered no proof of income earned by her before she left the work force to raise the parties' children. The employment and salary statistics that he cites concerning new graduates of the program offer little insight into what a 43-year-old parent reentering the workforce after or while raising three young children might be expected to earn.
We reject defendant's contention that plaintiff offered "no evidence" to show that she cannot obtain full-time work. Plaintiff attested that she could not do so because she has limited childcare assistance. At the time of the proceedings before Supreme Court, the parties' youngest child was two years old, and plaintiff stated that the nanny only worked twice a week.
We reject defendant's contention that the court misapplied DRL § 236(B)(5-a)(d). The court articulated the factors set forth in subsection (h)(1) upon which it relied in setting its award (cf. Al E. v Joann E., 55 Misc 3d 1212[A], 2017 NY Slip Op 50543[U] [Sup Ct, Kings County, May 1, 2017] [calculation of maintenance award over the income cap is not based on "an automatic formula but is based upon a set of factors enunciated in DRL 236(B)(5-1)(h)(1)"]). Moreover, as noted, defendant's arguments as to this issue are academic, because the award to plaintiff is less than it would have been even if the formula had been applied to defendant's income "up to and including the income cap" (DRL § 236[B][5-a][d][1]).
Defendant argues that the court abused its discretion in awarding plaintiff more than she sought. However, plaintiff is not responsible for the expenses the court imposed upon her, and her net award is less than she sought.
Given the ambiguities surrounding defendant's actual financial situation, defendant's arguments based on the interests of justice cannot be evaluated on the record before us. Defendant's claim that plaintiff has taken steps to forestall a financial trial in this case is unsubstantiated. The motion practice he describes was not excessive, and he failed to identify any tactics that plaintiff allegedly engaged in to prevent financial discovery. Thus, defendant has offered no reason to depart from the general rule that the best remedy for any perceived inequities in a pendente lite award is a speedy trial (see e.g. Torres v Torres, __ AD3d __, 2019 NY Slip Op 03014 [1st Dept April 23, 2019]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK



Footnotes

Footnote 1: Defendant's Net Worth Statement reports rent of $7,326, utilities of $497, and household help costs of $2,200 per month, or $10,023 total. Fifty percent of the total is $5,011.50. Thus, the award to plaintiff is reduced to $6,656.50. From this sum, she must also pay 100% of her personal expenses, which total $2,350 per month: her Net Worth Statement reflects $300 per month for clothing, $500 per month for unreimbursed medical, $500 per month for health club, $150 per month for activities for herself, and $900 per month for beauty/spa. Subtracting $2,350 from $6,656.50, plaintiff will be left with $4,306.50 per month.