Matter of Alphonse v Alphonse (2020 NY Slip Op 07374)





Matter of Alphonse v Alphonse


2020 NY Slip Op 07374


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-11892
 (Docket No. V-3419-16/19B)

[*1]In the Matter of Alfred Alphonse, appellant,
v
Andrena Alphonse, respondent.


Rhonda R. Weir, Brooklyn, NY, for appellant.
Sanctuary for Families Center for Battered Women's Legal Services, New York, NY (Alet A. Brown and Cahill Gordon & Reindel LLP [C. L. Junine So] of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Lisa J. Friederwitzer, J.), dated October 10, 2019. The order, without a hearing, granted the mother's motion to dismiss the father's petition to modify an order of custody of the same court (Denise M. Valme-Lundy, Ct. Atty. Ref.) dated January 26, 2017, so as to award him sole legal and physical custody of the parties' child, and dismissed the petition.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of one child, born in 2008. In an order dated January 26, 2017, which was entered upon the father's default and after an inquest, the mother was awarded sole legal and physical custody of the child. In January 2019, the father filed a petition to modify the order of custody so as to award him sole legal and physical custody of the child. The father first appeared in court without an attorney and indicated that he could not afford to retain private counsel. The Family Court directed the father to complete a form detailing his financial circumstances and adjourned the matter. On the adjourned date, upon reviewing the father's financial disclosure form, the court determined that the father was not entitled to court-appointed counsel, and the father proceeded pro se.
Thereafter, the mother moved to dismiss the petition on the ground that the allegations in the petition were insufficient to establish a prima facie case of a change in circumstances. In an order dated October 10, 2019, the Family Court, without a hearing, granted the mother's motion and dismissed the petition. The father appeals.
An order of custody may be modified only upon a showing that there has been a subsequent change in circumstances such that modification is required to ensure the best interests of the child (see Matter of Newton v McFarlane, 174 AD3d 67, 76; Matter of Bacchus v McGregor, [*2]147 AD3d 1049, 1050). "The best interests of the child are determined by a review of the totality of the circumstances" (Matter of Gonzalez v Santiago, 167 AD3d 885, 887). "Before subjecting children and their parents to additional litigation, courts require that, before a full hearing is ordered, the parent seeking a change of custody must make an evidentiary showing of a change in circumstances demonstrating a need to conduct a full hearing into whether a change of custody is appropriate in order to insure the child's best interests" (Matter of Newton v McFarlane, 174 AD3d at 76-77; see Matter of Slade v Haymes, 176 AD3d 1078, 1079; Matter of Werner v Mazzenga, 174 AD3d 727, 729).
We agree with the Family Court's determination to grant the mother's motion to dismiss, without a hearing, the father's petition to modify the prior order of custody. The facts alleged in the petition were insufficient to meet the threshold evidentiary showing of a change in circumstances sufficient to warrant a hearing because the facts predated the initial custody determination, involved allegations that were before the court on a prior occasion and found wanting, or were unsubstantiated and conclusory (see Matter of O'Donnell v Fisher, 178 AD3d 934, 935; Matter of Newton v McFarlane, 174 AD3d at 77; Matter of Hugee v Gadsden, 172 AD3d 863, 865; Matter of Peura v Peura, 170 AD3d 857, 858; Matter of Parascondola v Romano, 158 AD3d 700, 701; Matter of Scott v Powell, 146 AD3d 964, 965; Matter of Besen v Besen, 127 AD3d 1076, 1077).
In addition, although the father had the right to the assistance of counsel (see Family Ct Act § 262[a][v]), the father was not deprived of his right to the assistance of counsel as a result of the Family Court's determination not to appoint counsel to represent him in the proceeding. When a party who is entitled to be represented by counsel asserts an inability to retain private counsel, the court must make an inquiry to determine whether the party is eligible for court-appointed counsel (see Matter of Pugh v Pugh, 125 AD3d 663, 664; Matter of Bader v Hazzis, 77 AD3d 742, 744; Gifford v Gifford, 223 AD2d 669, 670). Here, the court properly inquired as to the father's eligibility for court-appointed counsel and instructed the father to submit certain documentation, including a form detailing his financial circumstances. While the father listed his weekly income on this form as $1,820, he failed to indicate on the form whether he provided financial support to any other individuals, or any of his expenses, aside from his monthly mortgage payments. As a result, the father failed to fully and timely make the disclosure necessary to support his claim of indigency. Contrary to the father's contention, the court was therefore not required to inquire any further into his expenses, and we agree with its determination that he was not financially eligible for court-appointed counsel (see Matter of Moiseeva v Sichkin, 129 AD3d 974, 974-975; Matter of Perez v Richmond, 104 AD3d 692; Matter of Nilda S. v Dawn K., 302 AD2d 237, 238; Matter of Iadicicco v Iadicicco, 270 AD2d 721).
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court