Matter of Remsen v Remsen (2021 NY Slip Op 05342)





Matter of Remsen v Remsen


2021 NY Slip Op 05342


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2020-00554
 (Docket No. F-10080-19)

[*1]In the Matter of Hilary Remsen, appellant,
v
Jay Remsen, respondent.


New York Legal Assistance Group, New York, NY (Beth E. Goldman and Rachel Lieb of counsel), for appellant.
Jay Remsen, White Plains, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Mary Anne Scattaretico-Naber, J.), dated December 16, 2019. The order denied the mother's objections to an order of the same court (Michele Reed Bowman, S.M.) dated August 29, 2019, which, after a hearing, inter alia, imputed to her annual income in the sum of $52,148 and directed the father to pay child support in the sum of only $848 biweekly through April 16, 2019, and only $577 biweekly thereafter, and spousal support in the sum of only $291.59 biweekly.
ORDERED that the order dated December 16, 2019, is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof denying the mother's objections to so much of the order dated August 29, 2019, as imputed to her annual income in the sum of $5,000 and directed the father to pay child support in the sum of $848 biweekly through April 16, 2019, and $577 biweekly thereafter, and spousal support in the sum of $291.59 biweekly, and substituting therefor a provision granting those objections; as so modified, the order dated December 16, 2019, is affirmed, without costs or disbursements, the order dated August 29, 2019, is modified accordingly, and the matter is remitted to the Family Court, Westchester County, for a new determination of the father's child support and spousal support obligations in accordance herewith.
The parties were married in 1996 and have two children, born in 1998 and 2004, respectively. The parties separated in 2015, at which time the father began making voluntary biweekly support payments to the mother. In January 2019, the mother commenced this proceeding to determine the father's child support and spousal support obligations. After a hearing, in an order dated August 29, 2019, the Support Magistrate imputed annual income to the mother in the sum of $52,148, and directed the father to pay child support in the sum of $848 biweekly through April 16, 2019, and $577 biweekly for one child thereafter, and to pay spousal support in the sum of $291.59 biweekly. The mother filed objections to the Support Magistrate's order, contending, among other things, that the Support Magistrate erred in imputing income to her. In an order dated December 16, 2019, the Family Court denied the mother's objections. The mother appeals.
A party's income for the purposes of calculating child support or spousal support [*2]obligations pursuant to article 4 of the Family Court Act is determined pursuant to the Child Support Standards Act (hereinafter CSSA) (see Family Ct Act § 412[2][c]). In determining a party's income under the CSSA, the court must begin with the party's "gross (total) income as should have been or should be reported in the most recent federal income tax return" (id. § 413 [1][b][5][i]; see Matter of Dailey v Govan, 136 AD3d 1029, 1031). However, "[a] court need not rely upon a party's own account of his [or her] finances, but may impute income based on the party's past income or demonstrated future potential earnings" (Marino v Marino, 183 AD3d 813, 817 [internal quotation marks omitted]; see Pilkington v Pilkington, 185 AD3d 844, 846). The Support Magistrate has considerable discretion in determining whether to impute income, and that determination is entitled to deference on appeal (see Sufia v Khalique, 189 AD3d 1499, 1501; Matter of Vela v Land-Wheatley, 165 AD3d 807). Nevertheless, "'a determination to impute income will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion'" (Marino v Marino, 183 AD3d at 818, quoting Matter of Shvetsova v Paderno, 84 AD3d 1095, 1096 [internal quotation marks omitted]; see Pilkington v Pilkington, 185 AD3d at 846; Muldowney-Walsh v Desroches, 167 AD3d 1022, 1024).
The Support Magistrate providently exercised its discretion in determining to impute annual income to the mother based upon her ability to work full time for minimum wage (see Matter of Drake v Drake, 185 AD3d 1382, 1384; Matter of Rohme v Burns, 92 AD3d 946, 947). The record established that, although the mother had worked only part time during the course of the parties' marriage, the mother had a college degree. The mother offered no evidence to support her conclusory assertions that she was unable to work full time because she was needed to care for her elderly parents and the parties' younger child, and because of undisclosed health limitations.
The Support Magistrate providently exercised its discretion in determining to impute income to the mother for monthly housing costs paid by her brother-in-law. In imputing income to a party for the purpose of calculating support obligations under the CSSA, a court may consider, inter alia, money received from relatives or friends (see Matter of Drake v Drake, 185 AD3d at 1383; Pilkington v Pilkington, 185 AD3d at 846; Matter of Weissbach v Weissbach, 169 AD3d 702, 703; Miller v Miller, 18 AD3d 629, 631). Although such contributions may properly be excluded where the obligor party refuses to provide support during the pendency of the proceedings (see Isaacs v Isaacs, 246 AD2d 428), here, the father had consistently made voluntary support payments to the mother since the parties' separation in 2015.
Contrary to the mother's contention, the Support Magistrate did not err in failing to impute income to the father on the ground that he lived in an uncle's home with no obligation to pay rent. The evidence demonstrated that the father was living in his uncle's home in exchange for having assisted the uncle with refinancing the home and acted as a cosigner for the new mortgage loan without taking an interest in the real property.
The Support Magistrate, however, improvidently exercised its discretion in imputing to the mother additional annual income in the amount of $5,000 based upon past payments from her parents in that amount. The mother offered unrebutted testimony that these payments were made in exchange for the mother's assistance in managing a certain rental property owned by her parents, and that the property had since been sold. Accordingly, the Family Court should have granted the mother's objection to so much of the Support Magistrate's order as imputed to the mother additional annual income in the amount of $5,000 based upon past payments from her parents in that amount.
The Support Magistrate properly calculated the father's income from employment based upon his most recent tax return (see Family Ct Act § 413[1][b][5][i]). While the Support Magistrate had the discretion to consider the father's recent pay increase, which took effect approximately one month before the hearing, it was not required to do so (see Matter of Feliciano v Elghouayel, 164 AD3d 1238, 1239; Matter of Dailey v Govan, 136 AD3d at 1031; Matter of DelSignore v DelSignore, 133 AD3d 1207, 1208).
The Support Magistrate did not improvidently exercise its discretion in denying the mother's motion for an order of preclusion based upon the father's alleged failure to provide the [*3]compulsory financial disclosure mandated by Family Court Act § 424-a (see Family Ct Act § 424-a[a]). The record demonstrated that the father acted in good faith in producing the discovery directed by the Support Magistrate, and that any noncompliance with the mother's discovery demands was not willful, deliberate, or in bad faith (see id. § 424-a[c]; see also Rogers v Rogers, 52 AD3d 354, 355; Maillard v Maillard, 243 AD2d 448; cf. Matter of McGoldrick v Gebaide, 188 AD3d 885, 886).
The mother's contention that the Support Magistrate exhibited bias at the hearing in favor of the father is unpreserved for appellate review (see Matter of Biancoviso v Barona, 150 AD3d 990, 991; Matter of Bowe v Bowe, 124 AD3d 645, 646). In any event, a review of the record shows that the court exercised even-handedness during the proceedings and deft courtroom management, and did not have a predetermined outcome of the proceedings in mind during the hearing (see Matter of Detwiler v Detwiler, 145 AD3d 778, 781; Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894; Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc., 28 AD3d 465, 466).
Accordingly, we remit the matter to the Family Court, Westchester County, for a new determination of the father's child support and spousal support obligations in accordance herewith.
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.

2020-00554 DECISION & ORDER ON MOTION
In the Matter of Hilary Remsen, appellant,
v Jay Remsen, respondent.
(Docket No. F-10080-19)

Appeal from an order of the Family Court, Westchester County, dated December 16, 2019. Motion by the appellant, inter alia, to strike stated portions of the respondent's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated May 3, 2021, that branch of the motion which is to strike stated portions of the respondent's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the respondent's brief on the ground that they refer to matter dehors the record is granted to the extent that paragraphs 11, 12, and 23 of the respondent's brief are stricken and have not been considered on the appeal, and that branch of the motion is otherwise denied.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court