Matter of Mathis v Robinson (2024 NY Slip Op 06494)

Matter of Mathis v Robinson

2024 NY Slip Op 06494

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

896 CA 23-00525

[*1]IN THE MATTER OF YANETTA S. MATHIS, PETITIONER-RESPONDENT,
v
RYAN L. ROBINSON, RESPONDENT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS R. BABILON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
CATHERINE M. SULLIVAN, LIVERPOOL, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Supreme Court, Onondaga County (Michele Pirro Bailey, A.J.), entered February 2, 2023, in a proceeding pursuant to Family Court Act article 8. The order, among other things, determined that respondent committed acts constituting the family offense of harassment in the second degree against petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this family offense proceeding pursuant to Family Court Act article 8, respondent appeals from an order of fact-finding and disposition in which Supreme Court, inter alia, determined that he committed acts constituting the family offense of harassment in the second degree against petitioner (Family Ct Act § 812 [1]; Penal Law § 240.26 [1]). Contrary to respondent's contention, we conclude that the court did not err in refusing to assign him counsel at the fact-finding hearing after he was no longer represented by retained counsel inasmuch as the record establishes that respondent "failed to fully and timely make the disclosure necessary to support his claim of indigency" (Matter of Moiseeva v Sichkin, 129 AD3d 974, 975 [2d Dept 2015]; see Matter of Jane Aubrey P. [Cynthia R.], 94 AD3d 497, 497-498 [1st Dept 2012]; Matter of Iadicicco v Iadicicco, 270 AD2d 721, 722-723 [3d Dept 2000]; see generally Carney v Carney, 160 AD3d 218, 224-225 [4th Dept 2018]). Contrary to respondent's further contention, we conclude that petitioner established by a preponderance of the evidence that respondent committed acts constituting harassment in the second degree (see Matter of Harvey v Harvey, 214 AD3d 1462, 1462-1463 [4th Dept 2023]).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court