Matter of R.M. v S.B. (2026 NY Slip Op 00017)

Matter of R.M. v S.B.

2026 NY Slip Op 00017

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Renwick, P.J. SEQ CHAPTER \h \r 1, Manzanet-Daniels, Gesmer, Higgitt, Michael, JJ. 

Docket Nos. O-06770/22, O-06767/22, V-23169-09/22G,H,I,J,K|Appeal No. 5519|Case No. 2024-06090|

[*1]In the Matter of R.M. and Others, Respondents,
vS.B., Appellant.

Larry S. Bachner, New York, for appellant.
Anne Reiniger, New York, for R.M., respondent.
Rosemary Rivieccio, New York, for X.L., respondent.
Philip Katz, New York, attorney for the child N.B.
Donna C. Chin, New York, attorney for the child D.B.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child A.B.

Appeal from order of fact-finding and disposition (one paper), Family Court, New York County (Hasa A. Kingo, J.), entered on or about September 25, 2024, which, upon a fact-finding determination, entered on default, that respondent committed the family offenses of harassment in the first and second degrees, disorderly conduct, menacing in the second degree, criminal obstruction of breathing, reckless endangerment, and attempted assault, granted a two-year order of protection in favor of petitioners, unanimously dismissed, without costs, as taken from a nonappealable paper.
Respondent did not move to vacate his default; therefore, the appeal is dismissed as taken from a nonappealable paper (see Matter of Neil F.J. v Maria I.M., 208 AD3d 1101 [1st Dept 2022]). Although respondent argues that his default was not willful, his act of walking out of the hearing—after being warned that the proceedings would continue in his absence—was properly treated as a knowing and willful default (see Matter of Anita L. v Damon N., 54 AD3d 630, 631 [1st Dept 2008]).
Were we to consider respondent's arguments on the merits, we would affirm the order. The court's refusal to appoint respondent an 18B counsel did not deprive him of his right to be represented (see Matter of Alphonse v Alphonse, 189 AD3d 1028, 1029 [2d Dept 2020]), particularly where he failed to fully and timely provide the disclosures necessary to support his claim of indigency (see Matter of Moiseeva v Sichkin, 129 AD3d 974, 975 [2d Dept 2015]).
The court providently exercised its discretion in denying respondent's adjournment request. He had repeatedly indicated to the court that he was unwilling to retain an attorney and, in fact, proceeded pro se for three days of the hearing. The record further shows that the court granted multiple requests to allow him additional time to secure representation, as well as an adjournment based on his asserted medical emergency. Since he did not qualify for assigned counsel and was unwilling to proceed pro se, the court properly declined to grant a further adjournment (see Matter of Garner v Garner, 94 AD3d 761, 762 [2d Dept 2012]).
As to respondent's contention that a medical emergency prevented him from continuing with the fact-finding hearing, the argument lacks credibility. The court observed that respondent had appeared earlier that morning and made no mention of any physical ailments or limitations that would have prevented him from proceeding with the hearing (see Matter of Josephine F. v Rodney W., 168 AD3d 486, 487 [1st Dept 2019], lv denied 32 NY3d 918 [2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026