Matter of Mortimer v Mortimer

2026 NY Slip Op 02656

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jennifer Mortimer, respondent,

v

Martin Mortimer, appellant. (Proceeding Nos. 1 and 2.)

In the Matter of Martin Mortimer, appellant,

Jennifer Mortimer, respondent. (Proceeding No. 3.)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2023-00234, (Docket Nos. O-605-21, V-670-21/21A, V-670-21/21B)

Lara J. Genovesi, J.P.

Deborah A. Dowling

Lillian Wan

Susan Quirk, JJ.

Martin Mortimer, Port Charlotte, Florida, appellant pro se.

Dewbury & Associates, P.C., Carmel, NY (Stamatia K. Dewbury of counsel), for respondent.

Daniel L. Pagano, White Plains, NY, attorney for the child.

[*1]

DECISION & ORDER

In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from an order of the Family Court, Putnam County (Anthony R. Molé, J.), dated December 2, 2022. The order, insofar as appealed from, after a hearing, granted those branches of the mother's petition which were to modify the custody and parental access provisions of the parties' judgment of divorce dated February 27, 2017, which incorporated but did not merge a stipulation of settlement dated September 30, 2016, so as to award her final decision-making authority with regard to the parties' child and to limit the father's parental access with the child to therapeutic supervised parental access, denied the father's petition to modify the custody and parental access provisions of the judgment of divorce, found that the father committed against the child the family offenses of assault in the third degree, menacing in the second degree, and menacing in the third degree, and directed the issuance of an order of protection in favor of the child and against the father for a period of two years.

ORDERED that the order is affirmed insofar as appealed from, with costs to the mother payable by the father.

The parties are the divorced parents of one child, born in 2010. Pursuant to a stipulation of settlement dated September 30, 2016, which was incorporated but not merged into the parties' judgment of divorce dated February 27, 2017, the parties were awarded joint legal custody of the child, the mother was awarded residential custody of the child, and the father was awarded certain parental access.

In October 2021, the mother filed a family offense petition against the father, alleging that he committed the family offenses of harassment in the first or second degree, menacing in the [*2]second or third degree, reckless endangerment, and assault in the second or third degree against her and the child. Also in October 2021, the mother filed a petition to modify the custody and parental access provisions of the judgment of divorce, inter alia, so as to award her sole legal custody of the child and to suspend the father's parental access. In November 2021, the father filed a petition to modify the custody and parental access provisions of the judgment of divorce, among other things, so as to award him sole legal and residential custody of the child and to limit the mother's parental access to supervised parental access.

After a hearing at which the father proceeded pro se and an in camera interview with the child, the Family Court, inter alia, found that the father committed against the child the family offenses of assault in the third degree, menacing in the second degree, and menacing in the third degree, directed the issuance of an order of protection in favor of the child and against the father for a period of two years, granted those branches of the mother's petition which were to modify the custody and parental access provisions of the judgment of divorce so as to award her final decision-making authority with regard to the child and to limit the father's parental access to therapeutic supervised parental access, and denied the father's petition to modify the custody and parental access provisions of the judgment of divorce. The father appeals.

A respondent in a custody proceeding has the right to be represented by counsel (see Family Ct Act § 262[a][iii], [v]; Matter of Moiseeva v Sichkin, 129 AD3d 974, 975). Family Court Act § 262(a) provides that such a respondent shall be advised of "the right to have counsel assigned by the court in any case where he or she is financially unable to obtain the same." When a party who is entitled to be represented by counsel indicates an inability to retain private counsel, the court must make inquiry to determine whether the party is eligible for court-appointed counsel (see Matter of Alphonse v Alphonse, 189 AD3d 1028, 1029; Matter of Goodine v Evans, 183 AD3d 649, 651).

Here, the Family Court specifically informed the father that assigned counsel would represent him if he was eligible, advised the father of the dangers and disadvantages of proceeding without counsel, and adjourned the hearing to permit the father to find counsel. The father applied to be represented by the Putnam County Legal Aid Society, which determined that he did not qualify for its representation, and the father proceeded pro se at the hearing. Thus, the father failed to establish that he was deprived of his right to counsel (see Matter of Alphonse v Alphonse, 189 AD3d at 1029).

The father's contention that the Family Court was biased against him is unpreserved for appellate review (see Matter of Perlman v Kolodny, 236 AD3d 1038, 1043-1044; Matter of Remsen v Remsen, 198 AD3d 658, 661). In any event, when a claim of bias is raised, the inquiry on appeal is limited to whether the court's bias, if any, unjustly affected the result to the detriment of the complaining party (see Matter of Perlman v Kolodny, 236 AD3d at 1043-1044; Matter of Goundan v Goundan, 210 AD3d 1087, 1089). A review of the record here shows that the court listened to the testimony, treated the parties fairly, and did not have a predetermined outcome of the case in mind during the hearing (see Matter of Perlman v Kolodny, 236 AD3d at 1043-1044; Matter of Goundan v Goundan, 210 AD3d at 1089; Matter of Remsen v Remsen, 198 AD3d at 661).

The father's remaining contentions are either unpreserved for appellate review, without merit, or otherwise not properly before this Court.

GENOVESI, J.P., DOWLING, WAN and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court